## KINNEY *v.* OSBORNE.

In a suit on a note, the complaint containing the note, or a copy, a denial of indebtedness, is no denial at all.

Suit on note for the purchase of land. Answer set up, that the note was given for the land, fencing, and building materials; that plaintiff falsely represented, that there was building material for building a barn—that this material was so insufficient in quantity that it cost defendant six hundred dollars to buy more, etc. There were some averments as to the rotten condition of fences, which plaintiff represented to be good. *Held*, that defendant, having taken possession under the contract, and retaining it, cannot set up representations, fraudulent, or otherwise, as to fences, they being, in this case, part of the freehold. *Held*, further, that, a special demurrer being put in to the answer, it sets up no defense as to the building material, because neither quantity, nor value, is given. Plaintiff is responsible, not for what defendant paid for lumber, but for the value of lumber, contracted for, and not delivered, and this, at the time of contracting.

The answer is also fatally defective in not charging the representations to have been fraudulently made, or that there was a warranty of some particular quantity of lumber.

Appeal from the Seventh District.

Defendant appeals.

*E. B. Crocker*, for Appellant.

1. The District Court had no right to enter a default or render judgment, because the defendant did not amend his answer after the demurrer was sustained, there being a general denial in the answer, which was not demurred to. (2 Cal. 494, 510; 4 Id. 201.)

2. The District Court erred in sustaining the demurrer to the special matter set up in the answer. (Chitty's Cont. 681; *Belden* v. *Henriques*, 8 Cal. 87; *Alvarez* v. *Brannan*, 7 Id. 503; *Webster* v. *Haworth*, 8 Id. 21.)

*R. D. Hopkins*, for Respondent.

The answer presented no legal or equitable defense to plaintiff's action. It admitted the making of the note, and failed to aver payment, or other legal bar, to plaintiff's right to recover.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This was assumpsit on a promissory note.

1. The note or a copy was annexed to the complaint. The defendant answered, not denying the execution of the note, but denying that he was indebted to the plaintiff. This was no denial at all. The admission that he made the note being equivalent so far to a confession of the debt; and the denial of the indebtedness being only a denial of the legal consequence resulting from the execution of the note.

2. The defendant further set up by way of answer a prolix statement of facts to this effect, that the note was given for certain land, fencing and building materials, that plaintiff falsely represented that there was building material (what sort not stated) for building a barn of a certain size (dimensions not given); that this building material was insufficient in quantity to construct the barn, and that it cost the defendant six hundred dollars, at the market price, to obtain sufficient building material to complete said building and make good the deficiency aforesaid. Some other averments are made as to the fences and the condition of them. It seems that these were a part of the freehold, and the defendant went into possession under the contract; and of course, so long as he retains the possession, cannot set up any representations, fraudulent, or otherwise, in this respect in

bar of a recovery of the purchase money. The answer was demurred to on general and special grounds; and the demurrer was sustained. The defendant was required to answer over, and judgment final was rendered against him.

The only possible ground of error in the Court below is in respect to this allegation in regard to the building materials. But we think the answer in this respect is too loosely stated to be made a valid ground of defense when a special demurrer is interposed. It is not stated what was the quality or value of this building material, what it was valued at in the contract, to what extent the deficiency from the quantity represented went. The averment that the defendant paid four hundred dollars to complete the barn is not sufficient; for the plaintiff would not be responsible for what the defendant paid for lumber, but only for the value of the lumber contracted for, and not delivered— and this at the time of the contract. The defendant was bound to state his defense, with reasonable precision, after the plaintiff's specific objection; and having failed, when an ample opportunity was offered him to do so, the Court was right in giving judgment against him. Besides, the defense was fatally defective in not charging that these representations were fraudulently made, or that there was any warranty of any particular quantity of lumber.

This relieves us from considering the question whether a defendant, in a case like this, against a note given for a tract of land and also for personal property, there being no apportionment of the consideration or price fixed for the land and chattels, respectively, in an action at law, can set up a partial failure of consideration, so far as the chattel is concerned, he retaining the possession of what he received under the contract.

Judgment affirmed.