IN THE

# SUPREME COURT

OF THE

# TERRITORY OF IDAHO.

(September 14, 1881.)

## CALDWELL v. RUDDY.

[1 Pac. 339.]

OBJECTIONS TO ANSWER IN THE SUPREME COURT.—An objection that an answer does not contain facts sufficient to constitute a defense may be made in the supreme court for the first time.

SAME.—If, however, the answer contains any defense, the objections must be overruled.

ANSWER—INCONSISTENT DEFENSES—DEMURRER—MOTION TO STRIKE.—An objection that the answer contains inconsistent defenses cannot be made by demurrer, but by motion to strike out, or to require the defendant to elect upon which defense he will stand.

IMPROVEMENTS — PUBLIC LANDS — SALE — CONSIDERATION.— Improvements upon the public lands are lawful subjects of sale and are a sufficient consideration to support promissory notes and other contracts.

DEFENSE—INADEQUACY OF CONSIDERATION.—Inadequacy of consideration is no defense to an action on a promissory note unless there was fraud also on the part of the promisee.

VOIDABLE CONTRACT—INSANE PERSON—PERSONAL PRIVILEGES.—The contract of an insane person is merely voidable, not absolutely void. The right to avoid it is a personal right which can only be exercised by the insane person, or his guardian, or legal representatives. Other parties to the contract who are of sound mind are not affected until it is avoided by the party entitled to disaffirm it.

AVOIDING CONTRACT—RETURN OF CONSIDERATION.—The insane person may not disaffirm his contract without returning the consideration.

SURETY—COMPETENCY OF PRINCIPAL.—A surety to a promissory note
is deemed to contract that the principal maker is in every way
competent to contract in the way he has done.

(Syllabus by the court.)

APPEAL from District Court, Nez Perce County.    Reversed.

The facts are sufficiently stated in the opinion.

A. E. Isham, for Appellant.

The answer does not state facts sufficient to constitute a de-
fense, and may be raised in supreme court for first time, citing
*Haskell v. Moore,* 29 Cal. 437.    The averment of tender in
the answer is insufficient, as there is no allegation that the ten-
der was kept good.    (*Jouett v. Wagner,* 2 Bibb, 269, 5 Am.
Dec. 602; Estee's Pleading, 11, 140, 746; *Redington v. Chase,*
34 Cal. 666.)    The answer contains inconsistent defenses.
(*Derby v. Gallup,* 5 Minn. 119; *Auld v. Butcher,* 2 Kan. 135;
*Hensley v. Tartar,* 14 Cal. 508; *Kuhland v. Sedwick,* 17 Cal.
123; *Bell v. Brown,* 22 Cal. 671; *Baird v. Morford,* 29 Iowa,
531; *Adams v. Trigg,* 37 Mo. 141.)    There are no facts set up
which constitute fraud on this point.    (See *Tissot v. Throckmor-
ton,* 6 Cal. 471; Bigelow on Frauds, 409; Chitty on Contracts,
4th ed., 528; Bigelow on Estoppel, 437, 467; *McMurray v. Gif-
ford,* 5 How. Pr. 14; Bigelow on Frauds, p. 64 sec. 4; *Walker
v. Sedwick,* 8 Cal. 398; *Houseman v. Chase,* 12 Cal. 290;
*Blen v. Bear River Water etc. Co.,* 20 Cal. 602, 81 Am. Dec.
132; 2 United States Digest, 707 (N.), 582.)    The plea of ten-
der admits the contract.    (2 Parsons on Contracts, 5th ed.,
638.)

Huston & Gray, for Respondent.

The evidence is not properly before the court that plain-
tiff should have moved for new trial, and if refused, appealed
from order and embodied evidence in bill of exceptions.
(*Jones v. Shay,* 50 Cal. 508; *Watson v. San Francisco etc.
R. R. Co.,* 50 Cal. 523.)    The answer set up the following
defenses: 1. Denial of partnership of defendant and Michael
Ruddy, deceased; 2. Partial want of consideration; 3. Tender
and payment; 4. Fraud—all of which may be plead in the same
action, and in this case were part of the same transaction.

(*Campbell v. Wright,* 21 How. Pr. 9; *Meyer v. Van Collem,* 7 Abb. Pr. 222; *Durant v. Gardner,* 10 Abb. Pr. 445; *Bell v. Brown,* 22 Cal. 671.)

PRICKETT, J.—This action was brought by the plaintiff against the defendant, in the district court, upon two joint and several promissory notes, alleged to have been executed by the defendant and one Michael Ruddy, deceased. Each of said notes are for the sum of $2,646.38, both dated March 7, 1872—one due October 15, 1872; the other, October 15, 1873. Also upon an account for $303.34. Upon the first-mentioned note is credited $1,554.13, January 15, 1873. The defendant's amended answer consists of ten subdivisions, each of which was, no doubt, intended as a complete or partial defense to the said several causes of action, or to some one or more of them. Such proceedings were had in the district court as resulted in the striking out of the seventh and ninth subdivisions of the answer. The plaintiff demurred in the court below to the amended answer, alleging as objections that the second and third subdivisions are inconsistent with the tenth, and that the sixth and eighth paragraphs are inconsistent with each other; and also specially demurred to the tenth paragraph, on the ground that it constitutes no defense to the action. The district court overruled the demurrer, and the plaintiff excepted to that ruling. The cause being tried by a jury, a verdict was rendered for the defendant, whereupon a judgment was rendered against the plaintiff for costs. From that judgment the plaintiff appealed to this court. Much of the matter contained in the transcript was stricken out on motion, because it constitutes no part of the record, not being made such either by the statute, or by bill of exceptions or statement.

The case as it now stands is to be reviewed upon the judgment-roll alone, which consists of the complaint, amended answer, the demurrer to the answer, and the decision of the court thereon, and the exception of the plaintiff thereto, the verdict, and the judgment.

The plaintiff and appellant claims that he is entitled to a reversal of the judgment of the district court on the ground that the amended answer does not set forth a defense to any of the causes of action alleged in the complaint. This brings us to

a consideration of the answer. as upon a general demurrer to the whole thereof on the ground just stated. This objection may, no doubt, be raised in this court for the first time; but, in determining it, we must be governed by the same rule that the district court would have been had it been raised there, which is that, if there is any defense contained in the answer, the objection must be overruled. Upon an examination of the amended answer we find that the sixth subdivision thereof is as follows: "For a further and separate defense, avers that the said notes and accounts have been fully paid." This, if true —and it is admitted to be so, for the purposes of this objection—constitutes a full and complete defense to all of the several causes of action set forth in the complaint, and this general objection to the answer as a whole must be overruled.

We now proceed to an examination of the written demurrer interposed in the district court, and to review the decision of that court thereon. The first two subdivisions of the demurrer will be considered together. The language of the demurrer is that several defenses have been improperly united, but the objection urged on the argument is that the second and third paragraphs of the answer are inconsistent with the tenth, and that the sixth and eighth paragraphs are contradictory and inconsistent with each other. And the specifications of the particulars, as contained in the demurrer, clearly show that the real grounds of the objection are based upon an alleged inconsistency between the specified portions of the answer, and not upon an improper joinder of defenses. An objection that a pleading contains inconsistent allegations or denials cannot be made by demurrer. The grounds upon which a party may demur are specified and enumerated in the statute, and he must be limited to the statutory grounds. That a pleading contains inconsistent allegations or defenses is not one of these grounds. When this objection exists it should be taken advantage of by motion to strike out, or to require the party pleading to elect between them. The first and second subdivisions of the demurrer were therefore properly overruled.

The third subdivision of the demurrer is directed to the tenth paragraph of the answer. It is in effect an objection that that paragraph does not contain facts sufficient to constitute a de-

fense to any of the causes of action set forth in the complaint, and it specifies the particulars in which it is claimed to be deficient.    The tenth paragraph of the answer is as follows: "For a further and separate defense defendant avers that the said notes were procured from the said Michael by the said plaintiff by fraud and misrepresentation; that the pretended consideration for said notes was certain improvements upon a certain piece or parcel·of government land in said county; and the defendant alleges that the said plaintiff, in order to secure the execution of the said notes by the said Michael, and well knowing.that the said Michael was then sick, and was laboring under both physical and mental derangement, which rendered him wholly incapable to transact his own ·business, falsely and fraudulently represented to the said Michael that he was the owner of the said lands and the improvements thereon, and that the same was then worth the sum of the said notes; and the said Michael at that time was the father in law of the said plaintiff, and had full confidence in, and fully believed all the representations made by, the said plaintiff, and was thereby induced to sign the said notes; and the defendant alleges the fact to be that the said land and improvements were not worth the said amount, or any amount in excess of $1,600, and that the plaintiff well knew the same; and defendant avers that the said plaintiff was not the owner of the said land or improvements, or any portion thereof more than one-half of the same, and plaintiff well knew the same at the time; and defendant avers that the most, if not all, of said improvements were made by one James Pierson, and that he, said Pierson, was the owner of at least one-half thereof—all of which was well known to said plaintiff."

This portion of the answer is clearly intended to show illegality in, or failure of, consideration, either in part or in whole, for the promissory notes alleged to have been made by the defendant and his deceased father, Michael Ruddy, in his lifetime, and fraud on the part of the plaintiff in procuring the execution of the notes by the said Michael Ruddy; but it is wholly insufficient for either purpose.    The sale of improvements upon the public lands of the United States is not prohibited by any law, neither is it against sound morals, public policy, or public inter-

ests; and there is no reason why they may not be proper subjects of sale, and serve as actual value and valuable consideration for promissory notes and other contracts.

It is apparent that an entire want of consideration is not relied upon as a defense, because it is admitted by defendant that the land and improvements sold were worth the sum of $1,600. The defendant does not say that his father did not get all the property for which the notes were given, but, in effect, that it was not worth the price agreed to be given therefor. This is merely alleging inadequacy, not failure, of consideration. This is no defense, unless there was also fraud on the part of the plaintiff in inducing the purchaser to believe it to be of greater value, which we shall presently consider. It is not the duty of courts to relieve parties from the obligations of their contracts, fairly made, because they are disadvantageous or foolish, but to enforce them. Courts, both of law and of equity, refuse to disturb contracts on grounds of mere inadequacy, whether the consideration is of benefit to the promisor or of injury to the promisee. (1 Parsons on Contracts, 436.)

It is alleged in this portion of the answer, it is true, that the plaintiff was not the owner of more than one-half of the improvements sold to Michael Ruddy, but that one James Pierson was the owner of at least one-half thereof; but it is a sufficient answer to this allegation that it nowhere appears that said Michael Ruddy in his lifetime, or his heirs or representatives, have ever been disturbed in their possession of the property, or that Pierson has ever asserted any rights thereto; but even if he had done so, and the purchaser had been actually evicted from a portion of the premises and improvements, he could not avoid payment of the notes without first surrendering or offering to surrender the remainder to the plaintiff, so that both parties might be remitted to their original rights.

Upon the question of mental incapacity of Michael Ruddy to make the notes, it is sufficient to say that this constitutes no defense in favor of this defendant. The contract of an insane person is voidable only, not absolutely void. (2 Blackstone's Commentaries, 291; 2 Kent's Commentaries, 6th ed., 451.) The right to avoid it is a personal right, which can only be exercised by the insane person, or his guardian or representatives. The

contract is binding upon the party who is of sound mind, and his liability is not affected until it is avoided by the party entitled to disaffirm it.   Nor could Michael Ruddy have disaffirmed the note on this ground without returning the property.   A person may not disaffirm or rescind a contract and yet retain any portion of the consideration.   The only exception to this rule is when the property is entirely worthless to both parties.   In such case the return would be a useless ceremony, which the law never requires.   The purchaser cannot derive any benefit from a purchase and yet rescind the contract.   It must be nullified *in toto* or not at all.   It cannot be enforced in part and rescinded in part.   And if the property would be of any benefit to the seller he is equally bound to return it.   He who would rescind a contract must put the other party in as good a situation as he was before; otherwise he cannot do it.   (Chitty on Contracts, 276.)   And so, as to all the other allegations intended to show fraud, the same rules and principles apply.   One of the two joint and several makers of a promissory note cannot defend on the ground that the signature of the other maker was procured by fraud.   If, as is alleged, the defendant as a matter of fact executed the notes as surety for Michael Ruddy, then his standing is in no respect better, for a surety, guarantor, or indorser of a promissory note is deemed in law to contract that the principal maker of the note was in every way competent to contract in the manner he has, and that the instrument is a binding obligation upon said maker.

This subdivision of the answer does not contain facts sufficient to constitute any defense to the notes, and the demurrer thereto ought to have been sustained by the district court, and for that reason the judgment must be reversed and the cause remanded.