IN THE

# SUPREME COURT

OF THE

## STATE OF IDAHO.

(January 30, 1894.)

### SMITH v. SMITH.

[35 Pac. 697.]

PROMISSORY NOTE—CONSIDERATION—FRAUD.—A person who gives a note in consideration of the performance of a certain act by the payee, and by reason of certain representations as to the law of the case, which representations prove to be false, and such note runs three months, falls due and a new note is given therefor by the maker of the original note, and the old note taken up, cannot plead want of consideration of the first note as a defense to the second.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

Wyman & Wyman and T. D. Cahalan, for Appellant.

Where, in an action on a promissory note brought by an indorsee against the maker, the defendant introduces in evidence facts showing, or tending to show, or facts from which the jury might find, there was fraud in the inception of the note, the plaintiff, before he can recover, must show himself to be an innocent purchaser for value, in due course, and before maturity; and if he fail so to show, the jury must bring in a verdict for the defendant. (*Joy v. Diefendorf*, 130 N. Y. 6, 27 Am. St. Rep. 484, 28 N. E. 602; *Commercial Bank of Danville v. Burgwyn*, 108 N. C. 62, 23 Am. St. Rep. 49, 12

S. E. 952; *First Nat. Bank of Huntington v. Ruhl,* 122 Ind. 279, 23 N. E. 766; *Commercial Bank of Danville v. Burgwyn,* 110 N. C. 267, 14 S. E. 623; *Real Estate Inv. Co. v. Russel,* 148 Pa. St. 496, 24 Atl. 59; *Franc v. Dickinson,* 125 N. Y. 710, 26 N. E. 250; *Vosburgh v. Diefendorf,* 119 N. Y. 357, 16 Am. St. Rep. 836, 23 N. E. 801; *Hazard v. Spencer,* 17 R. I. 561, 23 Atl. 729; *Tabor v. Merchants' National Bank,* 48 Ark. 454, 3 Am. St. Rep. 241, 3 S. W. 805; *Brant v. Pugh,* 85 N. C. 39; Daniels on Negotiable Instruments, secs. 164-167; 1 Parsons on Bills and Notes, 187, 188; *Johnson v. Hanover National Bank,* 88 Ala. 271, 6 South. 909.)

E. M. Wolfe, for Respondent.

False representations must be matters of fact, and not of law. (*People v. Board of Supervisors,* 27 Cal. 677.) Misrepresentation of matter of law, not fraud. (2 Pomeroy's Equity Jurisprudence, sec. 877.) The evidence does not show that damages resulted to defendant by reason of the false representations, which is a necessary adjunct to false representations for relief. (*Bailey v. Fox,* 78 Cal. 398, 20 Pac. 868; *Kisling v. Shaw,* 33 Cal. 441, 91 Am. Dec. 644; *Patterson v. Dorman,* 48 Cal. 378.) A party is not justified in relying upon the assertions and representations of another where he has ample opportunity of verifying, or learning, the true status of a matter as fully as the party making the representations (especially in a matter of opinion). (*Commissioners S. J. v. Younger,* 29 Cal. 177; *City National Bank v. Hickox,* 4 N. Mex. 212, 16 Pac. 915.) Fraud must be proved; simply offering evidence of fraud is not sufficient to cast the burden on plaintiff of showing that he took the note before maturity and without notice, for value. (*City Nat. Bank v. Hickox,* 4 N. Mex. 212, 16 Pac. 912-914.)

MORGAN, J.—On the eighth day of July, 1891, the defendant, Cy. V. Smith, gave his promissory note to G. W. Fletcher, Jr., for the sum of $560.10. In consideration thereof the said Fletcher, who was then assignee of the estate of Jacob Ulrich, was to resign his position as said assignee, and procure the appointment to said position of the defendant, Cy. V. Smith. The said Fletcher was also to transfer a quantity of property

which the said Fletcher then held as assignee aforesaid to the said Cy. V. Smith. Fletcher claimed that the estate of Ulrich was indebted to him for the foregoing sum for moneys advanced by him in the settlement of the estate, and that he would not deliver up the property to Smith unless defendant, Smith, would give him his note for the amount he had advanced. It is also stated, and is in evidence, that Fletcher had represented to Smith at the time of procuring said note that no other claims than this already presented to the assignee could be collected from the estate of Jacob Ulrich, which statement, it is alleged, is untrue, and that Fletcher knew it to be untrue. The note above mentioned fell due October 1, 1891. On that date defendant, Smith, not being ready to pay the note, gave a new one therefor, dated October 1, 1891, for the sum of $560.10, due eight months after date, and payable to Fletcher & Fletcher, in which firm G. W. Fletcher is a partner; the latter note to draw one per cent per annum. The old note was delivered up to him. The latter note was transferred to William F. Smith in the following words: "Pay to the order of William F. Smith, without recourse to us. (Signed) Fletcher & Fletcher." On the last-mentioned note, plaintiff, W. F. Smith, commenced suit September 12, 1892. To the complaint Wyman & Wyman, defendant's attorneys, interposed a demurrer, which was overruled by the court, and the ruling of the court thereon excepted to. Thereupon the defendant filed his answer, alleging a want of consideration in the first of the abovementioned notes, and that it was obtained by fraud and false representation. The cause was tried before the Honorable C. O. Stockslager with a jury, resulting in a verdict for the plaintiff for the sum of $560.10 and interest. Judgment was entered thereon for the sum of $565.70. Defendant moved for a new trial, which motion was denied by the court, whereupon he appeals to this court from the judgment, and also from the order overruling the motion for a new trial.

The order of the court overruling the demurrer was proper, as upon examination of the complaint we deem it entirely sufficient. The defendant contends that, because the representations that George Fletcher, Jr., made to the defendant, Smith, at the time the first note was executed were untrue, therefore

the note was obtained by a fraud, and was without adequate or any consideration. It will be remembered that a part of the consideration for the execution of the first note was the agreement of Fletcher to procure the appointment of the said defendant, Smith, as assignee of the estate of Jacob Ulrich, an insolvent, and the further agreement to deliver possession of the property of the said Ulrich, so held by him as assignee, to the defendant, Cy. V. Smith, so that he, Smith, could be secure for the amount of money mentioned in the note, and which Fletcher claimed to have advanced in the settlement of said insolvent estate. This appointment was secured for him, and the property was delivered to him in accordance with said agreement. This was sufficient to form a part consideration for the note. The representation of Fletcher that no more claims could be proven against the estate of Jacob Ulrich was a statement of a proposition of law which the defendant, Smith, had just as good an opportunity to ascertain the correctness of as had Fletcher, and, whether true or false, cannot be used as a defense in an action upon the note. But, however this may be, the first note was given July 8, 1891, and was due October 1, 1891. The defendant, Smith, had all of this time—nearly three months—to ascertain the correctness of the report of Fletcher, if he desired to do so. When that note was due he voluntarily came forward and took up the old note, and gave a new one for the same sum. The delivery of the old note was a sufficient consideration for the giving of the new one, and the defense of the failure of consideration of the first note cannot be brought against the second; that is, the settlement of a claim which may be doubtful, and giving of a note therefor, will be a sufficient and valid consideration for said note. (Story on Promissory Notes, sec. 186; *Russell v. Cook,* 3 Hill, 504; 1 Parsons on Bills and Notes, 199; 2 Randolph on Commercial Paper, sec. 462, and cases there cited; see, also, sec. 479; *Bank v. Tisdale,* 84 N. Y. 655.)

With this view of the law it becomes unnecessary for us to examine the instructions of the court, or the exceptions taken by the defendant during the course of the trial, as we are of the opinion that a defense of want of consideration of the first note cannot succeed in defeating the second. The fact that

this defense cannot be made also renders it unnecessary to inquire whether the plaintiff in this case is a *bona fide* holder for value. The note is indorsed to him in writing upon the back thereof, and this indorsement conveys the legal title to him for the purposes of this suit. The decision of the court below must be affirmed, and it is so ordered. Costs awarded to the respondent.

Huston, C. J., and Sullivan, J., concur.