(May 19, 1897.)

## COWEN v. HARRINGTON.

[48 Pac. 1059.]

PROMISSORY NOTE—CANNOT AVOID PAYMENT.—The defendant cannot avoid the payment of his promissory notes, given for property, without first surrendering or offering to surrender such property to the party from whom it was purchased.

FRAUD.—A contract induced by fraud must be rescinded within a reasonable time after the fraud has been discovered.

IF ANSWER NO DEFENSE, STRIKE IT OUT.—Under the facts of this case there was no error in striking out the answer, as it stated no defense.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

E. M. Heyburn, for Appellant.

Did the court err in striking out defendant's answer? The admitted rule is, that a verified answer containing an affirmative defense should not be stricken out. (*Smith v. Homer,* 15 Misc. Rep. 403, 36 N. Y. Supp. 1089; *Pfister v. Wells,* 92 Wis. 171, 65 N. W. 1041.) The district judge seems to have treated the motion to strike as a demurrer, and to have had his mind occupied with the idea that if defendant could not return the property for which the notes were given, then his defense of fraud and misrepresentation could not stand. There are two reasons why this position is false. It is alleged in the answer that the property had no value as a mining claim, and under an accepted rule, if defendant could have proven his allegation, he would have been relieved of the necessity of returning the property. (*Gifford v. Carvill,* 29 Cal. 589; *Davidson v. Jordan,* 47 Cal. 351.)

W. W. Woods and A. G. Kerns, for Respondent.

The rights of a party who has been defrauded in making a contract are, on the discovery of the fraud, within a reasonable time, to rescind the contract and restore the parties to their original rights and their former position, or to affirm the contract and claim compensation or damages for the injury he has sustained by reason of the fraud. (*Herrin v. Libbey,* 36 Me. 357.) In the case at bar, over three years have passed since the making of the notes, and there is no allegation in the answer that defendant ever offered to rescind the contract. Had defendant intended to treat the contract as void on the ground of fraud, it was his duty, when he discovered the mine was not as the plaintiff had represented, to have returned it to the plaintiff. When prosecuted on the note it was too late to repudiate the contract. (*Burton v. Stewart,* 3 Wend. 239; *Kimball v. Cunningham,* 4 Mass. 502, 3 Am. Dec. 230; *Norton v. Young,* 3 Greenl. 31; *Campbell v. Fleming,* 1 Ad. & E. 40; *Gifford v. Carvill,* 29 Cal. 589.) Defendant's answer was not only insufficient in not pleading a tender of the property back to plaintiff, but it was sham and irrelevant without such ten-

der. (*Wedderspoon v. Rogers,* 32 Cal. 569; *Caldwell v. Ruddy,* 2 Idaho, 1, 1 Pac. 339; *Sostorf v. Taafe, McCahill & Co.,* 18 Cal. 386.) He who would rescind a contract must put the other party in as good a situation as he was before, otherwise he cannot do it. (*Caldwell v. Ruddy,* 2 Idaho, 1, 1 Pac. 339, citing Chitty on Contracts, 276; 1 Parsons on Contracts, 436, 578, and note.) Defendant cannot set up any representations, fraudulent or otherwise, in bar of the recovery of the purchase price and still retain the possession of the property. (*Kinney v. Osburn,* 14 Cal, 112.)

SULLIVAN, C. J.—This is an action, brought by the respondent as plaintiff, to recover on two promissory notes, dated the eighteenth day of November, 1893—one for $500, and the other for $1,000. Said notes were given in part payment for a placer mining claim. This suit was commenced on April 16, 1896. The defendant, by his answer, admitted the execution of said promissory notes, and alleged by way of defense that plaintiff, by false and fraudulent representations, induced defendant to purchase a placer mining claim; that plaintiff represented to defendant that said mining claim contained and would produce a large amount of gold, from four dollars to six dollars per day per man; that defendant was at that time an entire stranger to mines and mining, and was entirely ignorant of the value of mining claims, and had implicit confidence in plaintiff, and was thereby induced to buy said mining claim, and made a cash payment thereon of $1,500, and gave the two promissory notes sued on as balance of the purchase price; that defendant relied solely and entirely on the false representations aforesaid; that, after purchasing said claim, defendant worked the same, and discovered that it was worthless, and could not be worked at a profit; and that defendant has done all in his power to place and leave plaintiff in as good condition as he was before said sale and purchase—and prays that the action be dismissed. A motion was made by plaintiff to strike out the answer on the ground that it was sham, frivolous and irrelevant, which motion was granted, and five days' time was given defendant to answer. The time having expired, and no answer filed, judgment was

entered in favor of plaintiff for the sum of $1,632.47 as damages and fifty-six dollars costs, from which judgment this appeal was taken.

The error assigned is: The court erred in striking out defendant's answer. There was no error in striking the answer from the files, as it sets up no defense whatever to the action. Some two years and a half transpired from the execution of the promissory notes sued on to the commencement of this suit, and it is not shown that the defendant ever rescinded the contract of purchase of said mining claim by offering to reconvey to plaintiff the title to said claim. His answer shows that he could not do so, for the reason that he had conveyed the title to others. When one has been defrauded in making a contract, he must rescind the same and offer to restore the party to his original rights within a reasonable time after the discovery of the fraud, or he may affirm the contract and claim damages for the injury, neither of which did the defendant do. (*Herrin v. Libbey,* 36 Me. 357; *Caldwell v. Ruddy,* 2 Idaho, 1, 1 Pac. 339.) On the question of rescinding contracts for fraud, see Bigelow on Frauds, sec. 410 et seq. But a defendant cannot set up fraudulent representations in bar of a recovery of the purchase price of the property and still retain the title to the property. (*Kinney v. Osborne,* 14 Cal. 112.) In this case it was too late to repudiate the contract for fraud after suit commenced on the promissory notes. (*Burton v. Stewart,* 3 Wend. 239; *Gifford v. Carvill,* 29 Cal. 589.) Under the facts of this case judgment of the lower court must be sustained, and it is so ordered.

Respondent claims that a clerical error was made by the clerk in the court below, in entering the judgment, as to the amount due, and asks this court to correct the same. As no appeal was taken on that ground, this court must decline to make the correction.

Huston and Quarles, JJ., concur.