(September 19, 1910.)

FRED B. DANIELS, Appellant, v. FRANK ENGLEHART, Respondent.

[111 Pac. 3.]

PROMISSORY NOTE—FAILURE OF CONSIDERATION—DEFENSE—RESCISSION AND DAMAGES.

(Syllabus by the court.)

1. The maker of a promissory note cannot avoid payment of the same on the grounds of failure of consideration, where the answer and proofs admit that there was not a total failure of consideration and that he in fact received and retains a part of the consideration as the same was agreed upon.

2. Where there has been a partial failure of consideration for the execution of a promissory note, the maker of the note, in order to obtain relief, must either rescind the contract and return the consideration received or claim damages for breach of the contract or pursue some remedy whereby the holder of the note may be enabled to receive just compensation for such part of the consideration as actually passed.

APPEAL from the District Court of the Fourth Judicial District, in and for Elmore County. Hon. Edward A. Walters, Judge.

Action on promissory note. Judgment for defendant. Plaintiff appealed. *Reversed.*

E. M. Wolfe, for Appellant.

The failure of the defendant to set up in his answer either a rescission of the contract or an offer to return the water right puts it beyond him to refuse the payment of the note. (*Cowen v. Harrington*, 5 Ida. 329, 48 Pac. 1059; *Caldwell v. Ruddy*, 2 Ida. 5 (1), 1 Pac. 339.)

Plaintiff having purchased the note before maturity, and for value, even though he was an officer of the company from which he purchased it, and knew that the note was given for a water right, that fact alone would not bar him from the right to recover, and would not change his position as a *bona fide* purchaser, unless he knew that the company had defaulted before his purchase of the note. (*United States Nat. Bank v. Floss*, 38 Or. 68, 84 Am. St. 752, 62 Pac. 751; *Siegel v. Chicago Trust & Savings Bank*, 131 Ill. 569, 19 Am. St. 51, 23 N. E. 417, 7 L. R. A. 537; 1 Beach, Private Corp., sec. 245.)

J. G. Watts, for Respondent.

It cannot be contended that the appellant herein took this note in good faith. The evidence shows almost an entire failure of consideration. It further shows that the respondent cannot rescind and be restored to his original rights by the return of his money, for the reason that he has exhausted

through this deal his right with the government for a desert entry, that he has made large improvements on the land which cannot be recovered in an action for damages, the property of the Great Western being in the hands of a receiver. (Secs. 3485, 3509, 3515, Rev. Codes.)

AILSHIE, J.—This is an action on a promissory note. Plaintiff alleged that he was a *bona fide* purchaser of the note prior to maturity. Defendant answered admitting the execution of the note and that the same had not been paid, but denied that the plaintiff was a *bona fide* holder of the note by indorsement prior to maturity thereof.

The defendant also alleged as a defense that the note was executed as part payment for a water right from the Great Western Beet Sugar Co., and that the company promised and agreed to construct reservoirs, canals and ditches and furnish the defendant with water for his tract of land, comprising 160 acres, which constituted the consideration for the note sued upon. It was also alleged in the answer that the plaintiff was vice-president and agent of the Great Western Beet Sugar Co. at the time the contract was made and the note was executed, and that he had full knowledge of the consideration and the terms of the agreement entered into.

The defendant by way of showing failure of consideration alleged in paragraph 9 of his answer as follows:

"That said ditch was not completed as agreed by the said Great Western Beet Sugar Company on the 31st day of May, 1907, and is not now completed of sufficient capacity to deliver water to this defendant and others entitled to water under said ditch, and that water was not delivered to the land of defendant prior to the 31st day of May, 1908, and has not yet been delivered to said defendant in any sufficient quantity to water said land, or in any quantity whatever more than sufficient to water one and one-half acres as above stated."

The plaintiff moved for judgment on the pleadings and this motion was predicated on the theory that the answer did not show a failure of consideration, and that under the authority

of *Cowen v. Harrington*, 5 Ida. 329, 48 Pac. 1059, and *Caldwell v. Ruddy*, 2 Ida. 5, 1 Pac. 339, the defendant could not successfully defend on the ground of want of consideration where his answer showed on its face that a part consideration had in fact been received and that there had not been a total failure of consideration, and that defendant had not returned the water contract and consideration received and had never attempted to rescind the contract and set up no claim by way of cross-complaint or otherwise for damages for breach of the contract. Under the authority of *Cowen v. Harrington* and *Caldwell v. Ruddy, supra,* the answer was not sufficient to defeat plaintiff's recovery on the grounds of failure of consideration.

A party cannot execute his promissory note and let the matter run until after its maturity and suit is brought on it, and then successfully defend on the ground of want of consideration, where he himself admits that there was not a total failure of consideration and that he in fact received a part of the consideration. He certainly has a remedy unless the note has passed into the hands of an innocent third party, and in this case the evidence was sufficient from which to conclude that plaintiff was not an innocent holder of the note. But the maker of the note cannot retain such consideration as he has received and at the same time successfully resist the payment of the obligation. He must either rescind or seek damages for breach of the contract, or pursue some other remedy which will permit the party to whom the obligation is due to receive such compensation as is justly due him under the contract or have a return of the consideration.

The judgment is *reversed* and the cause is remanded, with direction to the trial court to permit the defendant to amend his answer or to file a cross-complaint if he sees fit so to do. Judgment *reversed,* with costs in favor of appellant. .

Sullivan, C. J., concurs.