McVeigh v. Veig et al, 16 N. M. 453.

Mechem, J., having been of counsel in the court below, did not participate.

[No. 1387.    September 1, 1911.]

JAMES M'VEIGH, Appellant, v. A. C. VEIG and L. I. SUMMERS & CO., a Co-Partnership, Appellee.

SYLLABUS (BY THE COURT).

1.  Objections to an answer that it states inconsistent defenses may not be made by demurrer.

2.  Under the statutory provisions declaring improvements to be real estate and that upon sale of real estate for delinquent taxes the owner has the right to retain possession until the expiration of the three years for redemption, improvements upon a mining claim become upon a sale thereof for taxes so associated with the realty as to constitute an incumbrance thereon within the meaning of C. L. 1897, sec. 2304, allowing the holder of an incumbrance to perform the annual labor so as to prevent re-location.

Appeal from the District Court, before M. C. MECHEM, Associate Justice. Affirmed.

E. L. MEDLER for Appellant.

Title to property purchased at tax sale entirely passed to the purchasers. C. L. 1897, secs. 2219, 1560, 1756, 2808, 2304, 4019; Laws 1899, chap. 22; Laws 1889, chap. 25; Laws 1891, chap. 94, sec. 7; 2 Lewis' Sutherland Stat. Con., secs. 422, 428, 431, 432; in re Barre Water Co., 62 Vt. 30; Lyndon v. Stanbridge, 2 N. H. 51; People v. New York & Rd. Co., 84 N. Y. 565; Leinkauf v. Barnes, 66 Miss. 207; Brooks v. Cook, 7 N. W. 217; People v. Illinois Cent. R. R. Co., 6 N. E. 469; State v. Schuchmann, 133 Mo. 111; Bouvier's Law Dictionary; Sessions v. Irwin, 8 Neb. 5; Gardner v. McClure, 6 Minn. 250; Crab v. Young, 92 N. Y. 69.

McVeigh v. Veig et al, 16 N. M. 453.

Inconsistent defenses.  C. L. 1897, sec. 2685, sub-sec. 42; 1 Enc. P. & P. 856.

Necessity for reply.  18 A. & E. Enc. 694.

FERGUSSON & CREWS for Appellees.

Improvements .on mining claim are part of realty. C. L. 1897, secs. 2304, 4019; 1 Lindley on Mines, sec. 409; 27 Cyc. 511; 32 Cyc. 664; State v. Williams, 35 Mo. App. 541.

Where meaning of statute is doubtful, the construction most agreeable to reason and justice should be adopted. 26 A. & E. Enc., 2 ed. 646; C. L. 1897, secs. 1560, 2304; Watkins v. Eaton, 30 Me. 529.

The consistency or inconsistency of defenses is a question of fact only.  1 Enc. P. & P. 857; 31 Cyc. 150; Citizens Bank v. Closson, 29 Ohio St. 78; C. L. 1897, sec. 2685, sub-secs. 41, 42; Stebbins v. Lardner, 48 N. W. 847; Pom. on Rem. and Rem. Rights, sec. 722; Noonan v. Bradley, 19 U. S. 757; Caldwell v. Ruddy, 1 Pac. 339; 1 Sutherland on Code Pleading,. sec. 672.

Points not raised in trial court will not be acted on by appellate court.  Chaves v. Lucero, 13 N. M. 368; 31 Cyc. 357; Beal v. Territory, 1 N. M. 507.

The facts are stated in the opinion.

## OPINION OF THE COURT.

POPE, C. J.—This cause was disposed of upon the pleadings, which fact makes it necessary to consider these latter so far as here material with some detail.  The complaint alleges that McVeigh on January 1, 1908, located certain "vacant and unappropriated public mineral lands" as the Burke mine, the premises being described with particularity in the complaint, that the necessary location work was done, and that the possession of the property had remained in the plaintiff up to the bringing of the suit.  It is further averred that the property previous to January 1, 1908, was known as the New Century mine, owned by the Black Peak Gold Mining Company, but that said company failed to do the annual assessment work

for 1907, by virtue whereof the property became subject to the plaintiff's location as above described. There is an allegation that there were valuable improvements consisting of mill and machinery on the property worth $5,000, and that, by virtue of the above-mentioned location, plaintiff became the owner of such improvements. It is further shown by the complaint that the defendant Veig subsequent to the posting of plaintiff's location notice of January 1, 1908, located the claim as the Nil Desperandum mine, and that subsequently, on discovering that plaintiff had previously located said property as the Burke mine, Veig notified plaintiff that he would abandon the Nil Desperandum location, and thereafter did abandon it, having failed to do the necessary preliminary location work, and by failing to file his location notice in the proper office, but that, notwithstanding all this, Veig has caused to be filed in the probate clerk's office of Sierra county a proof of labor upon the said New Century location, falsely certifying that he, Veig, had done the annual assessment work for 1907, whereas in truth and in fact said work was not done, if at all, for the Black Peak Gold Mining Company, but as a mere volunteer, and with the fraudulent design to secure possession of the mining machinery and mill upon the premises, the said Veig pretending to own some interest in said improvements by virtue of a tax sale thereof, the exact nature of which is unknown. Alleging an attempt to remove the machinery, and that Veig while pretending to act for defendants L. L. Summers & Co. was in fact acting for himself, plaintiff prays an injunction against the removal of said mill and machinery, and against the assertion by defendant of any right thereon or to said Burke mine, and prays that the proof of labor may be cancelled as a cloud upon plaintiff's title, and that the latter be quieted and set at rest. The answer of the defendants Veig & Summers Co., are practically the same, each averring Veig to be simply the agent of Summers & Co. The answer while admitting that the plaintiff posted on January 1, 1908, and duly recorded, the location notice pleaded, denies that the necessary location work was done, or that the plaintiff has been in posses-

sion of the claim since January 1, 1908, as alleged, and denies that on January 1, 1908, the mining property in question was vacant unappropriated public mineral land. While admitting that the premises were prior to January 1, 1908, known as the New Century mine and were owned by the Black Peak Gold Mining Company, it denies that the company failed in 1907 to do its annual assessment work, or that said property became forfeited on January 1, 1908. Further elucidating this last allegation, defendant alleges that on November 29, 1907, he acquired at tax sale a tax title to the improvements upon the New Century mine and as described in the complaint, and that, in order to protect said improvements from reverting to the United States, the defendants caused to have seasonably performed the annual labor for 1907, and thereafter did file proof of such labor as alleged in the complaint, and that the notice locating the Nil Desperandum mine was filed by defendants on January 1, 1908, and prior in time to that of plaintiff, and was filed in order to protect their said tax title and the amount paid out for taxes, and to place defendants upon an equal footing with any other locator in case the title covered by the aforesaid tax certificate should prove in any way to be defective. The defendant denies abandoning the Nil Desperandum location, and denies any failure to record the location notice, but admits that he has not as yet (the answer being filed on March 3, 1908) performed the location work under the Nil Desperandum location, averring "that he has no knowledge, information, or belief sufficient to enable him to answer whether or not he has abandoned his claim to said property under said Nil Desperandum mining location and therefore denies that he has abandoned said property under said notice." There is no cross-complaint praying affirmative relief to defendants.

The answers were demurred to upon grounds to be presently discussed. The demurrer was overruled, with leave to plaintiff to reply within twenty days. At the expiration of that time, no reply having been filed, defendants moved for judgment. This motion was sustained, the injunction dissolved, and the complaint dismissed with

costs. Upon this appeal the errors assigned are the overruling of the demurrer and the entry of judgment. This involves a consideration of the grounds of the demurrer. The first ground urged is that there are inconsistent defenses set up. The argument is that the defendants cannot in one breath claim as a defense that plaintiff's location is invalid because the land had not been forfeited by failure to do the assessment work of 1907, and in the very next breath claim as a defense a location made by defendants based upon the existence of such a forfeiture. To this defendants answer that the inconsistency which the law denounces is one of fact—i. e., that a pleader may not present two causes of action or two defenses which involve a contradictory state of facts. In other words, he must be consistent in his claim of fact, but need not be in his positions of law. It is urged that there is no reason why defendants may not aver that there was as a matter of law no forfeiture of the New Century claim because defendants occupied such a relation to that claim in 1907 as to give them a standing to do the annual work for the then owners, and that, on failing to sustain this contention, they may still urge that, even if their work on behalf of the owners in 1907 was insufficient to save the claim from forfeiture, they still have a good defense based upon location made prior to the plaintiff's after the midnight of December 31, 1907.

We find it unnecessary, however, to decide this question for the reason that we do not deem it a matter properly arising upon demurrer. Our Code limits the grounds of demurrer to seven (Compiled Laws, sec. 2685, sub-sec. 35), among which is no ground that inconsistent defenses are asserted. An objection of that character must be raised in another way, such as by a motion to strike out or by motion to require the party to elect. 31 Cyc. 151, 635. Thus it is said in Caldwell v. Ruddy, 2 Idaho (Hasb.) 1, 1 Pac. 339, 340: "An objection that a pleading contains inconsistent allegations or denials cannot be made by demurrer. The grounds upon which a party may demur are specified and enumerated in the statute, and he must be limited to the statutory grounds. That the

pleading contains inconsistent allegations or defenses is not one of these grounds. When this objection exists, it should be taken advantage of by motion to strike out, or require the party pleading to elect between them. The first and second sub-divisions of the demurrer were properly overruled." That this was the rule independent of statute is shown by Noonan v. Bradley, 9 Wall. 394, 402, 19 L. ed. 757, where it is said: "One plea in bar is not waived by the existence of another plea in bar, though the two may be inconsistent in their averments with each other. The remedy of the plaintiff in such case is not by demurrer, but by a motion to strike out one of the pleas, or to compel the defendant to elect by which he will abide." The ground of demurrer that "several causes of defense have been improperly joined" does not meet a case such as here, where the claim is that the defenses are inconsistent. Budd v. Bingham, 18 Barb. (N. Y.) 496.

The second and principal ground of demurrer is that the doing of assessment work by the owner of improvements upon a mining claim purchased at tax sale does not inure to the benefit of the mining claim, and that the defendants could obtain no interest in the mining claim by reason thereof. The statute provides (C. L., sec. 2304) as follows: "When the owner or owners of any mining claim or claims now located or which may hereafter be located, upon which there shall exist any mortgage, miner's or mechanic's lien, or other incumbrance of any kind which may be hereafter made or incurred shall refuse, neglect or fail, up to the first day of December of any year, to perform thereon the annual labor or make thereon the annual expenditure required by law to be made in order to prevent the same from becoming open to relocation, in such case the holder or owner of such mortgage, lien or incumbrance, may, upon the first day of December of such year or any time thereafter, before any such mining claim or claims shall have been relocated, enter with his or their workmen and employes upon the same and perform, or cause to be performed, the one hundred dollars' worth of labor or make the one hundred dollars' worth of improvements upon such claim or claims as by law re-

quired to be done or made each year in order to prevent
such claim or claims from becoming open to relocation."

The pleadings disclose the purchase of the improve-
ments at tax sale in November, 1907. Is a tax title
to the improvements an incumbrance upon the mining
claim? If so, under C. L., sec. 2304, the assessment work
done by Veig for 1907 inured to him; if otherwise, it
did not. Statutory provisions as to taxing mining claims
are not numerous. C. L., sec. 4019, separates property
for general purposes of taxation into two classes—real es-
tate and personal property. The term "real estate" is de-
clared to include "all mines, minerals and quarries," and
also improvements, and the latter are defined to include
"all buildings, structures, fixtures and fences erected upon
or affixed to land whether title has been acquired to said
land or not." C. L., sec. 1560, declares, in defining the
exemptions from taxation for school purposes, that mines
and mining claims "shall pay a tax upon the net product
and upon the surface improvements only." Laws 1899,
ch. 60, declares the exemption more clearly in the follow-
ing terms: "That no tax shall be assessed, levied or col-
lected upon any mining claim in this territory, located
under the mining laws of the United States, nor upon
any shaft or workings therein, until after patent shall
have been duly issued therefor by the United States; and
for one year thereafter, but nothing herein contained shall
be held or construed to exempt from taxation, as now
provided by law, the improvements upon any such mining
claim, other than the shafts and other workings as afore-
said, nor the net product of any such mining claim."

We deem it clear from the statutes just quoted that
the authority in the case of a mining claim is to tax, not
the soil, but simply the improvements, and that a sale for
taxes carries only the improvements. These latter, how-
ever, are under C. L., sec. 4019, real estate, and being
classified as such the right to redeem continues under Laws
of 1899, chap. 22, for three years from the date of sale,
the right of possession remaining during that period in
the former owner. It follows therefore that if it was the
legislative intent that the holder of a tax title to improve-

ments on a mining claim might not keep up the annual work thereon, our provisions of law for taxing such improvements became perfectly useless. Since such improvements are real estate, they must not be removed until the three year period of redemption has passed, and if the purchaser thereof may not keep up the work on behalf of the owner it would inevitably follow that long before the purchaser ever became entitled to take possession the improvements will have reverted and become forfeited to the government. We think this result could not have been intended by the legislature, and that the word "incumbrance" is broad enough to include a tax sale purchaser conditioned as above stated. This latter is not confined to voluntary lines, for the statute in terms includes those following by operation of law. Nor is it confined to liens at all. It includes servitudes of any character. As was said in Harrison v. Des Moines, etc. R. Co., 91 Iowa 114, 58 N. W. 1081, the term includes any "burden on land, depreciative of its value, such as a lien, easement or servitude which, though adverse to the interest of the land owner, does not conflict with his conveyances of the land in fee." So in 4 Words and Phrases, 3520. Incumbrances are said to be "separated into two classes, (1) such as affect the title to the property, and (2) such only as affect the property's physical condition. A mortgage or other lien is a fair illustration of the former, while a public road or right of way is an illustration of the latter." We think that our statute has, by making improvements real estate, so attached them to the soil that the purchaser thereof has a right that they remain attached to the soil until the expiration of the three years for redemption, and that this right creates an incumbrance within the meaning of C. L., sec. 2304, and that to protect that right the tax purchaser may prevent a reversion to the government by doing the annual work on behalf of the locator.

It follows, therefore, that the assessment work done by defendants in December, 1907, for that year was efficacious to keep the New Century claim alive, and the locations made on the first day of the following January, respective-

ly, by the plaintiff and the defendant were void. Since the defendants in their answer fully set up the above circumstances under which they did the assessment work for 1907, and since these facts which constituted defensive new matter were not traversed by a reply, the trial court was right in ordering a judgment for defendants on the pleadings.

The judgment is accordingly affirmed.

## SYLLABUS (BY THE COURT).

