(July 9, 1925.)

## PIONEER BANK & TRUST COMPANY, a Corporation, Respondent, v. F. A. MacNAB, Appellant.

[238 Pac. 295.]

PLEADING AND PRACTICE — DEMURRER TO ANSWER — WHEN PROPERLY SUSTAINED — PROMISSORY NOTE — PARTIAL FAILURE OF CONSIDERATION — WHEN NOT A DEFENSE.

1. The maker of a promissory note cannot avoid payment of the same on the ground of a partial failure of consideration where the answer shows that there was not a total failure of consideration and the maker received and retained part of the consideration.

2. Where there is a partial failure of consideration claimed, for the execution of a promissory note, the maker, in order to obtain relief, must either rescind the contract and return the consideration received or pursue some remedy whereby the holder of the note will receive compensation for the consideration that passed.

Publisher's Note.

1. Partial failure of consideration as defense to bill or note, see note in 2 Ann. Cas. 430.

3.   The maker of a note cannot avoid payment of the same upon the ground of a partial failure of consideration where such note is a renewal of a former note for which he received and retained the consideration agreed upon and at the time of giving the renewal note had knowledge of all of the facts and circumstances which he claims gave rise to a partial failure of consideration.   The giving of a renewal note under these conditions[1] waives such defense.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County.   Hon. Ralph W. Adair, Judge.

Action on promissory note.   Judgment for plaintiff. *Affirmed.*

Whitcomb, Cowen & Clark, for Appellant.

A demurrer admits all of the allegations of the an_wer to be true.   (31 Cyc. 269, 333; 21 R. C. L. 506, sec. 40.)

"An admission of facts by demurrer is equivalent to proof by a witness in open court."   (*Francis v. Wood,* 81 Ky. 16, 4 Ky. L. 616.)

A general demurrer will not lie if any of the allegations of the defense constitute a partial defense.   (31 Cyc. 329; 21 R. C. L. 514, sec. 77.)

E. H. Casterlin, for Respondent.

Where one gives a note in renewal of another note, with knowledge at the time of a partial consideration of the original note, or false representations by the payee, he waives such defense, and cannot set it up to defeat a recovery on the renewal note.   And where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertain his rights, it becomes his duty to make such inquiry and investigation before executing the renewal note, and if he fails to do so he is as much bound as if he had actual knowledge.   (*Western Silo Co. v. Pruitt,* 94 Okl.

Publisher's Note.

3.   Estoppel to set up failure or want of consideration by giving renewal note, see notes in **Ann. Cas. 1916A, 826; 35 A. L. R. 1266, 1277.**

148      Pioneer Bank etc. Co. *v.* MacNab.      [41 Idaho,

Opinion of the Court—William A. Lee, C. J.

154, 221 Pac. 106; Bills and Notes, Key No. 140, National Reporter System.)

WILLIAM A. LEE, C. J.—This is an action to recover on a promissory note. As a defense the answer alleges that the note sued on is a renewal of a note first given on account of certain transactions between respondent bank, appellant and one Carpenter in December, 1919; that this first note was given to respondent bank by appellant and Carpenter for the sum of $5,000 to purchase feed for sheep then owned in partnership by himself and Carpenter; that appellant advanced a further sum in excess of $5,000 soon thereafter for the purpose of carrying on this partnership business, and it was agreed between appellant and Carpenter that he should reimburse defendant for the money advanced to said partnership account.

The answer further alleges that during the spring of 1920, Carpenter solicited a loan from respondent bank for money to carry on his personal business which loan was refused because the bank had loaned Carpenter more than it had authority to loan to any one person; that about April, 1920, the cashier of respondent bank requested appellant to release Carpenter from said $5,000 joint note, in order, as said cashier represented, to enable the bank to make a further loan to Carpenter to enable him to carry on his sheep business on account of which he was already heavily indebted to respondent bank; that appellant refused to release Carpenter from said joint note and respondent's cashier then represented to appellant that he had made arrangements with Carpenter to give appellant security for the amount due from Carpenter to appellant on account of said advances made by appellant and for Carpenter's portion of the money jointly owed respondent bank; that appellant executed such note and the bank canceled the joint note of himself and Carpenter; that immediately after taking appellant's note in April, 1920, respondent demanded from Carpenter security for money then owing by said Carpenter, and secured a real estate mortgage upon all real property

owned by said Carpenter; that this security was taken by respondent bank in fraud of appellant's rights and in violation of the assurances made by respondent's cashier to appellant and for the purpose of preventing appellant from obtaining security from Carpenter as had been agreed; that respondent has failed and refused to obtain for appellant, from Carpenter, this security.

As a further and additional defense appellant alleges that in April, 1920, he executed a note in the sum of $300 to respondent bank for that amount of money loaned by the bank to the Lemhi Wool Growers Association for a banquet, of which association the cashier of respondent bank was president, and the money was used by appellant as a committeeman appointed by said president to look after the management of the banquet; that this loan was made to the Wool Growers Association and appellant received no consideration therefor, it being understood that the members of the association, at the time of the banquet, would replace the money so loaned, in said bank; that upon a final renewal of the original note of appellant and Carpenter, this $300 was included therein and also the accumulated interest, making the total amount of the note given on January 6, 1922, which is the note upon which respondent's cause of action is based in this action.

To this answer respondent demurred on the ground that it did not state facts sufficient to constitute any defense to the cause of action set forth in the complaint. The court sustained the demurrer and on appellant's refusal to plead further entered a judgment for the amount prayed for in the complaint. We have endeavored to carefully consider all of the facts set up in the answer by way of defense and conclude that the court did not err in sustaining this demurrer and entering a judgment for respondent. The allegations of fraud or deceit pleaded in the answer are not sufficient to constitute a defense to the cause of action set up in the complaint. There is no denial that appellant received full consideration for the first note executed by himself and Carpenter.

The representations which appellant alleges the cashier of respondent bank made to him in order to induce him to give his individual note for this partnership debt and thereby release his copartner Carpenter from this obligation was not such a promise as would constitute actionable fraud for a breach of the same. Appellant was already liable to the bank for the full amount of the indebtedness represented by this note.

The maker of a promissory note cannot avoid payment of the same on the ground of a partial failure of consideration, where the answer shows that there was not a total failure of consideration and the maker received and retained a part of the consideration. (*Daniels v. Englehart,* 18 Ida. 548, 111 Pac. 3, 39 L. R. A., N. S., 938.)

Where there is a partial failure of consideration claimed for the execution of a promissory note, the maker, in order to obtain relief, must either rescind the contract and return the consideration received, or pursue some remedy whereby the holder of the note will receive compensation for the consideration that passed. (*Daniels v. Englehart, supra.*)

The maker of a note cannot avoid payment of the same upon the ground of a partial failure of consideration where such note was a renewal of a former note for which he received and retained the consideration agreed upon, and at the time of giving the renewal note had knowledge of all of the facts and circumstances ·vhich he claims gave rise to a partial failure of consideration. The giving of a renewal note under these conditions waives such a defense. (*Smith v. Smith,* 4 Ida. 1, 35 Pac. 697; *Western Silo Co. v. Pruitt,* 94 Okl. 154, 221 Pac. 106.)

The judgment is affirmed, with costs to the respondent.

Wm. E. Lee, Budge, Givens and Taylor, JJ., concur.