BERNARD C. FISHER *v.* I. ALBERT LEHRER ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 10—decided November 28, 1961

*Howard M. Werner,* with whom was *Harry Cooper,* for the appellants (defendants).

*John Poulos,* with whom, on the brief, was *M. Peter Barry,* for the appellee (plaintiff).

SHEA, J. The plaintiff brought this action to recover the balance due on the defendants' joint and several promissory note. After denying the allegations of the complaint, the defendants, in their answer, set up a special defense alleging that the note was given in substitution for the balance of a former note which had been delivered as consideration for the lease of a portion of a hotel in Springfield, Massachusetts, and that the defendants had been illegally ejected from the leased premises, thereby depriving them of the consideration for the note. In a counterclaim, they sought reimbursement of the amounts paid under both notes. In a reply, the plaintiff denied the material allegations of the special defense and the counterclaim. By way of special defense to the counterclaim, he alleged that the note in suit was founded on a good and sufficient consideration. The court rendered judgment for the plaintiff on the complaint and the counterclaim, and the defendants have appealed. The death of the defendant Edgar E. Lyons was noted on the record, and the executors of his estate have been substituted as parties defendant.

The finding, which is not subject to correction, recites the following facts: On June 4, 1956, the owner of hotel premises in Springfield leased the property to Bridgway of Springfield, Inc., a Massachusetts corporation in which the named defendant and Lyons, hereinafter called the defendants, jointly owned 90 percent of the stock. The defend-

ants guaranteed the performance of the terms of the lease. In April, 1957, the lessee was in default. Meanwhile, the lessee had sublet the hotel facilities to the Bridgway Operating Corporation, of which the plaintiff was president. On April 29, 1957, the defendants agreed with the plaintiff to contribute the sum of $10,000 toward the purchase price of the hotel if the plaintiff would buy the property and thereafter release the defendants from their personal liability under the guarantee. It was also agreed that Bridgway of Springfield, Inc., would be released from its obligations under the lease and that a new lease of the bar and lounge of the hotel would be given to Bridgway of Springfield, Inc., by the plaintiff. The agreement contained language contemplating the assignment of the rights or obligations of the plaintiff under it.

On June 3, 1957, the hotel was purchased by Bridgway Operating Corporation. Thereafter, it released Bridgway of Springfield, Inc., and the defendants from any claims or obligations under the original lease or guarantee. The plaintiff executed these releases on behalf of the buyer corporation as its president. The defendants executed their joint and several promissory note in the amount of $10,000, with interest, payable to the order of the plaintiff in weekly instalments. The first instalment was to be paid on June 10, 1957. The defendants pledged their stock in another corporation as collateral security for payment of the note. Payments were made in accordance with the terms of the note until the principal was reduced to $4150. A new note for that amount was then issued in substitution for the original. At the same time, the stock which had been pledged as collateral security was released to the defendants. The amount

of the weekly payments was reduced substantially in the new note. The defendants failed to make the payments as specified. The last payment made was that of November 18, 1957. At that time, there remained an unpaid balance of $3850.

On June 20, 1957, Bridgway Operating Corporation, as the new owner of the hotel, had entered into a written agreement with the defendants and Bridgway of Springfield, Inc. Under this agreement, Bridgway of Springfield, Inc., and the defendants were to manage the bar and lounge of the hotel for a term of five years. The agreement was executed by the plaintiff as president of Bridgway Operating Corporation. The managers were to pay the hotel owner a specified weekly sum as rent for the premises. The agreement could be terminated by the owner by giving thirty days' notice in writing. On December 2, 1957, the managers were in default in the payments due under the agreement. It provided that, on default, the owner might terminate the agreement and take possession of the premises. When the default occurred, the owner took possession of the premises.

The court concluded that the new note was given in substitution for the balance due on the original note; that the original note was signed and delivered by the defendants in exchange for the document discharging them and Bridgway of Springfield, Inc., the corporation in which they held practically all of the stock, from any further claim or obligation under the original lease or guarantee; and that the original note and the note in suit were based on a valid consideration.

The defendants claim that the plaintiff is not entitled to recover because there was an absence and failure of consideration. They contend that the

note for $10,000 was given in consideration of the management agreement or lease of the hotel bar and lounge; that this management agreement was executed by the Bridgway Operating Corporation, the purchaser of the hotel; that the plaintiff, as an individual, gave no consideration for the note; and that the renewal of it was therefore without consideration. Both notes were negotiable instruments and therefore were "deemed prima facie to have been issued for a valuable consideration." General Statutes § 39-25 (repealed, Public Acts 1959, No. 133, § 10-102). The burden of proving an absence or failure of consideration rested on the defendants. They had to prove it by a fair preponderance of the evidence. *Kessler* v. *Valerio,* 102 Conn. 620, 624, 129 A. 788.

The agreement of April 29, 1957, between the plaintiff and the defendants contemplated that title to the hotel property, when it was purchased, would be taken by the plaintiff or "his assigns." The defendants were fully aware of the plaintiff's connection with Bridgway Operating Corporation. They were quite willing to accept from that corporation the paper discharging them from liability under the original lease. When they executed the original note, they knew that the title to the hotel premises had been taken in the name of the Bridgway Operating Corporation. Subsequently, they entered into the management agreement with that corporation and thereafter paid off more than one-half of their obligation to the plaintiff under the original note. When the new note was substituted, they obtained from the plaintiff a release of the stock pledged by them as collateral security for the payment of the original note. They have obtained all of the consideration and benefits due them under

the agreement which they made with the plaintiff on April 29, 1957. They cannot now challenge the consideration which they exchanged for those benefits. A promissory note made to a payee in return for a consideration received by the maker from a third person is binding on the maker. *Moore* v. *Hubbard,* 15 Ind. App. 84, 85, 42 N.E. 962; *Hall* v. *Wingate,* 159 Ga. 630, 662, 126 S.E. 796; 1 Williston, Contracts (3d Ed.) p. 452; 10 C.J.S. 602, § 148 (b); 17 C.J.S. 425, § 74; Restatement, 1 Contracts § 75.

There is no foundation for the defendants' claim that the basic consideration for the original note was the management agreement or lease and that this "lease" was so related to the note that the continuance of the lease was the basic condition under which payment of the note was required. The management agreement made no mention of the $10,000 note or the payments required under it. The remedy for any breach of the lease would arise out of the covenants of the lease itself. Any claimed breach could not affect the consideration for the note sued on.

There is no error.

In this opinion the other judges concurred.