BEHRENS *v* APESSOS

OPINION OF THE COURT

1. BILLS AND NOTES—NEGOTIABLE NOTES—RECOVERY ON NOTE.
   The holder of a negotiable note on which the signatures are not in dispute is entitled to recover by merely producing the note, unless the defendant establishes a defense (MCLA 440-.3307[2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 11 Am Jur 2d, Bills and Notes §§ 991–1018.
[2–4] 11 Am Jur 2d, Bills and Notes §§ 215–268.

2. BILLS AND NOTES—NEGOTIABLE NOTES—LACK OF CONSIDERATION.
   Lack of consideration is not proven as a defense by the maker
   of a negotiable note against a holder where the maker re-
   ceived no consideration from the holder but it is not proven
   that the maker received no consideration from a third party.

3. BILLS AND NOTES—NEGOTIABLE NOTES—LACK OF CONSIDERATION.
   Consideration existed to support a negotiable note where the
   purchasers of a house had given the note to the plaintiff-
   owner of 95% of a construction company in part payment for
   a home built by the plaintiff's company, because the consid-
   eration consisted of the building of the house by the company;
   whether the consideration moved from or to a third party is
   immaterial.

### DISSENT BY HOLBROOK, J.

4. BILLS AND NOTES—NEGOTIABLE NOTES—LACK OF CONSIDERATION.
   *A negotiable note executed by defendants, purchasers of a home,*
   *to plaintiffs, the majority owner of a construction company*
   *and his wife, in part payment for the construction of a*
   *house by the plaintiff-husband's company was invalid for lack*
   *of consideration where the note was between the plaintiffs,*
   *as individuals, and the defendants, the construction company*
   *was not a party to the note, the plaintiff husband was not*
   *the sole stockholder of the company, the plaintiff wife was not*
   *a stockholder, there was no evidence that the plaintiffs were*
   *acting as the company's agents, there was no showing of any*
   *consideration based upon a business relationship between the*
   *defendants and the individual plaintiffs, and there were no*
   *allegations that the plaintiffs agreed to pay any of the money*
   *received on the note to the company or that they would*
   *have done so.*

Appeal from Kalamazoo, Donald T. Anderson, J.
Submitted Division 3 January 4, 1972, at Detroit.
(Docket No. 11833.)   Decided March 24, 1972.

Complaint by Jack and Susan G. Behrens against
Peter and Donna L. Apessos for nonpayment of a
negotiable note and to foreclose a mortgage on real
property.   Summary judgment for defendants.
Plaintiffs appeal.   Reversed and remanded.

*Troff, Lilly, Piatt, File & Doyle* (by *Richard G. Schreur*), for plaintiff.

*Vlachos & Carey* (by *Sidney D. Durham*), for defendants.

Before: Levin, P. J., and Holbrook and Bronson, JJ.

Bronson, J. Plaintiffs commenced this action for nonpayment of a $5,000 negotiable note and to foreclose a mortgage on real property. The note and mortgage were executed by the defendants to plaintiffs in partial payment for a home built by Behrens Construction Company. Plaintiff Jack Behrens owns 95% of said company. The house was built on a cost-plus contract. The note and mortgage were executed when plaintiffs claimed that the house cost more to construct than had been estimated originally. It appears that financing for this additional cost was unavailable through a lending institution. In their answer, defendants pled failure of consideration. At trial, Jack Behrens was the only witness. At the close of his testimony, defendants moved for a directed verdict. As the case was tried without a jury, the trial judge granted a judgment on the evidence based on a failure of consideration. He also denied plaintiffs' motion to reopen their proofs. Plaintiffs appeal of right.

The parties agree that the note is a negotiable instrument, MCLA 440.3104(1); MSA 19.3104(1), and that plaintiffs are holders, MCLA 440.1201(20); MSA 19.1201(20), with a right to enforce the note in their own names, MCLA 440.3301; MSA 19.3301. As the signatures on the note are not in dispute, plaintiffs are entitled to recover by merely producing the note. MCLA 440.3307(2); MSA 19.3307(2). This

plaintiffs did during the direct examination of Jack Behrens. This is all plaintiffs were required to do.

On cross-examination, defendants went beyond the note's authenticity and introduced evidence concerning their defense of lack of consideration. 'This is an affirmative defense available to the defendants on which they had the burden. MCLA 440.3306(c); MSA 19.3306(c) and MCLA 440.3408; MSA 19.3408. Following their cross-examination of plaintiff Jack Behrens, defendants moved for a directed verdict. The basis of their motion was that since Behrens Construction Company had built the house, plaintiffs themselves had given no consideration. The trial judge agreed.

On appeal, we affirm a judgment on the evidence if the trial judge's findings of fact are not clearly erroneous. *Miller* v *Department of State Highways,* 30 Mich App 64 (1971). Defendants contend there is sufficient evidence to support the trial judge's finding. They base their argument on the fact that no consideration moved between plaintiffs and defendants. This contention has no merit. That consideration moves from or to a third party is immaterial. *Levitz* v *Capitol Savings & Loan Co,* 267 Mich 92 (1934); *Fisher* v *Lehrer,* 149 Conn 106; 175 A2d 707 (1961); 1 Restatement, Contracts, § 75, p 82; 1 Williston, Contracts (3d ed), § 114, p 452. The consideration for defendants' promise to pay was the building of a house by Behrens Construction Company. By contract defendants had agreed to pay the company's costs in building this house. The fact that defendants paid someone other than the company for the house does not mean there was no consideration for their promise.

To prove failure of consideration defendants must show the obligation cannot be enforced against them. MCLA 440.3408, Comment 1; MSA 19.3408, Com-

ment 1. Defendants contend they have paid more for the house than they had agreed to pay. The only part of Jack Behrens' testimony which supports this is his admission that possibly defendants had reached such an agreement with his father, but he was unaware of it. To say that such an agreement was reached is speculation as defendants presented no positive evidence to that effect. It is true that plaintiffs introduced no evidence to substantiate their allegation that the house cost more than originally estimated. It was not their burden to do so until defendants established a defense.

We think it was error to grant defendants' motion and grant a judgment on the evidence. Reversed and remanded for a new trial.

Levin, P. J., concurred.

Holbrook, J. (*dissenting*). This writer is unable to agree with the prevailing opinion in this case. In the majority opinion it is stated as follows:

"The parties agree that the note is a negotiable instrument, MCLA 440.3104(1); MSA 19.3104(1), and that plaintiffs are holders, MCLA 440.1201(20); MSA 19.1201(20), with a right to enforce the note in their own names, MCLA 440.3301; MSA 19.3301. As the signatures on the note are not in dispute, plaintiffs are entitled to recover by merely producing the note. MCLA 440.3307(2); MSA 19.3307(2). This plaintiffs did during the direct examination of Jack Behrens. This is all plaintiffs were required to do."

Pertinent to the issue before the Court is the following statute:

"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section 3305)." MCLA 440.3408; MSA 19.3408.

For further light on the law, we turn to 18 Callaghan's Michigan Civil Jurisprudence, Negotiable Instruments, § 34, pp 341–342, which reads as follows:

"Section 30 of the Negotiable Instruments Law provides that absence or failure of consideration is a matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise. As between the original parties, a promissory note must be supported by a sufficient consideration, and, as between such parties, the consideration of a note may always be inquired into. A want of consideration may always be shown in defense to an action upon the note between the original parties."[1]

This writer points out that in this case the defendants did assert the defense of no consideration. It is obvious that there was no consideration for this particular note because there was no contract between plaintiffs and defendants upon which the consideration for the note could be based.

Mr. Jack Behrens, one of the plaintiffs, testified on cross-examination in part as follows:

"*Q.* Now, Mr. Behrens, the construction itself was done by the Behrens Construction Company, correct?
"*A.* Yes, it was.
"*Q.* Yet the note on the alleged indebtedness from Mr. and Mrs. Apessos runs to you and your wife?
"*A.* Yes, it does.
"*Q.* Your wife is not a stockholder of this company, is she?
"*A.* No, she is not a stockholder.
"*Q.* Who else is a stockholder other than yourself?
"*A.* Donald G. Johnson.
"*Q.* Who is Donald G. Johnson?
"*A.* My superintendent.

---

[1] Present applicable statute is: MCLA 440.3306(b), (c); MSA 19.3306(b), (c).

"*Q.* What percentage ownership does he have?

"*A.* A small percent. I believe five percent."

From the foregoing testimony it is evident that Mrs. Behrens is not a stockholder of the corporation, that Mr. Behrens is not the only stockholder, and there is no allegation or proof in the record to show that Mr. and Mrs. Behrens were acting as agents for the corporation.

The note here in question was between the plaintiffs, as individuals, and the defendants. The Behrens Construction Company was not, in any way, a party to it. The consideration for the note could only be based upon the contract between the Behrens Construction Company and the defendants. There was no showing of any consideration based upon a business relationship of any kind between the defendants and the individual plaintiffs. There is no allegat: n that the plaintiffs agreed to pay the money to be received on the note to the Behrens Construction Company or if paid that they would have done so. Therefore, the payment of this note by defendants would not, in any manner, discharge any debt which may or may not be owed to the Behrens Construction Company.

Based upon the evidence in the record, the trial judge was justified in his finding that there was a lack of consideration for the giving of the note.

The prevailing opinion cites the case of *Levitz* v *Capitol Savings & Loan Co*, 267 Mich 92 (1934), as dispositive of the issue before the Court. However, this writer points out that the facts in that case are not analogous to those present in the instant case. Therein the promisee *agreed to pay the principal and in fact did so*. That case being distinguishable on the facts is not applicable herein.

I would affirm with costs to the defendants.