BUFFALO COUNTY, NEBRASKA, APPELLEE, V.
J. RAYMOND RICHARDS ET AL., APPELLEES,
JOHN A. SCHWEITZER, APPELLANT.

326 N.W.2d 179

Filed November 12, 1982.   No. 81-580.

Richard J. Hove of Hove and O'Neill, for appellant.

Tye, Worlock, Tye, Taylor & Hopkins, for appellee FDIC.

Ross, Schroeder & Fritzler, for appellee Johnson Estate.

Heard before BOSLAUGH, MCCOWN, CLINTON, and WHITE, JJ., and BRODKEY, J., Retired.

PER CURIAM.

This appeal arises out of a controversy between lienors concerning the distribution of surplus proceeds arising from the sale at tax foreclosure of real estate owned by Ronald E. Bycroft.  The property

was sold on March 3, 1981, and the sale confirmed on April 15, 1981. The trial court ordered the proceeds of the sale distributed as follows: Costs $300.68; real estate taxes $988.87; Anna L. Johnson, administratrix, $21,793.24 plus interest; and the balance to Ronald E. Bycroft and Jeannetta M. Bycroft. From this order, John A. Schweitzer has appealed.

Schweitzer claims under a mortgage executed on December 1, 1973, by Ronald E. Bycroft and Jeannetta M. Bycroft and recorded December 12, 1973. Anna L. Johnson, administratrix, claims under a judgment entered in the District Court on April 24, 1974. The trial court found the Schweitzer mortgage was invalid and that Schweitzer was not entitled to any of the proceeds of the sale.

The Federal Deposit Insurance Corporation, receiver of the Elm Creek State Bank, has attempted to assert a cross-appeal. It claims under a judgment which the trial court found was dormant and not a lien on the property. Because the cross-appellant seeks no relief against the appellant, the cross-appeal is without merit and must be dismissed. A cross-appeal may not be asserted by one appellee against another appellee. See *Hansen v. Hasenkamp,* 192 Neb. 530, 223 N.W.2d 44 (1974).

The record shows the following facts and circumstances concerning the Schweitzer mortgage. John A. Schweitzer and Clara M. Schweitzer are the parents of Jeannetta M. Bycroft. On July 1, 1969, Clara M. Schweitzer delivered her check, drawn on the personal account of Clara M. Schweitzer, in the amount of $18,000 to Jeannetta Bycroft. Mrs. Schweitzer testified that the money was intended as a loan to her daughter and son-in-law, Ronald E. Bycroft.

On May 30, 1970, Ronald E. and Jeannetta M. Bycroft executed and delivered their promissory note in the amount of $21,000 to John A. Schweitzer, as payee. John A. Schweitzer testified that the note

was for the amount of the loan plus interest and any additional advances made.

On December 1, 1973, the Bycrofts executed and delivered the mortgage in the amount of $21,000 on the property, naming John A. Schweitzer as payee.

The trial court found that the prior debt of Jeannetta M. Bycroft to Clara M. Schweitzer would be sufficient consideration to support a promissory note to Mrs. Schweitzer but not to Mr. Schweitzer; that the promissory note failed for want of consideration; and that the mortgage was invalid for the same reason. The issue upon the appeal is whether the Schweitzer mortgage was valid.

"[A] negotiable instrument as between the parties requires a consideration the same as any other contract . . . ." *Scottsbluff Nat. Bank v. Blue J Feeds, Inc.,* 156 Neb. 65, 77, 54 N.W.2d 392, 400 (1952). See Neb. U.C.C. § 3-408, Comment 3 (Reissue 1980). In *Chonowski v. Dyke,* 82 Ill. App. 3d 802, 403 N.E.2d 301 (1980), the court stated that consideration for a note can be furnished by a third party. In *Read v. Kipke,* 535 P.2d 1130, 1131 (Colo. App. 1975), the court held that "Consideration need not be given by the payee of a note but may be given by a third party." The Supreme Court of Connecticut in *Fisher v. Lehrer,* 149 Conn. 106, 111, 175 A.2d 707, 709 (1961), said: "A promissory note made to a payee in return for a consideration received by the maker from a third person is binding on the maker." See, also, *Potts v. Levin,* 113 Ga. App. 4, 147 S.E.2d 1 (1966); *Mason v. Blayton,* 119 Ga. App. 203, 166 S.E.2d 601 (1969); *Behrens v. Apessos,* 39 Mich. App. 426, 197 N.W.2d 886 (1972).

The rule is stated at 10 C.J.S. *Bills and Notes* § 148 b. at 602 (1938) in this way: "The consideration or benefit need not necessarily pass or flow to the obligor or promisor, or come from the obligee or promisee. If given at the instance or request of the promisor, there may be a sufficient consideration in

the form of a benefit given to a third person, or a benefit moving from a third person."

We believe the evidence was sufficient to conclude that John A. Schweitzer was named payee in the note and mortgage on behalf of his wife. Clara intended the loan as one from both her and her husband. John knew that Clara was writing the check. Both Clara and John discussed the loan and the taking of the mortgage as security. Their marital relationship is an important factor.

Although the record does not expressly reflect that Clara entered into the transaction as agent for John or that John was payee in a similar capacity for Clara, agency can be implied from the facts and circumstances. In *Mead Co. v. Doerfler,* 148 Neb. 75, 77-78, 26 N.W.2d 393, 395 (1947), this court said: " 'Agency . . . will not be presumed from the marital relation; but the fact that the wife has such knowledge [of husband's activity on her property], in the light of other evidence, may be of strong corroborative value. Owing to the close relationship existing between husband and wife, an agency by the husband may be created by slight circumstances. It is unnecessary that they enter into any formal contract of agency, nor is it necessary that the wife expressly state to her husband that she gives him authority to act. Such an agency may be inferred from things said and acts done.' "

The fact that the note and mortgage were given for an antecedent consideration is of no importance. A valid note may be given as security for a debt already owed by the party giving it, or by a third party. *Newman Grove Creamery Co. v. Deaver,* 208 Neb. 178, 302 N.W.2d 697 (1981); *First Nat. Bank of Omaha v. Kizzier,* 202 Neb. 369, 275 N.W.2d 600 (1979); § 3-408. A preexisting debt is sufficient consideration for a mortgage securing the debt. *O'Neill Production Credit Assn. v. Mitchell,* 209 Neb. 206, 307 N.W.2d 115 (1981).

The note and mortgage do not fail for want of consideration because no consideration flowed directly to Ronald E. Bycroft. " 'A consideration moving to one of several joint makers . . . is good as to all.' " *Stockmens State Bank v. Pollat,* 130 Neb. 244, 248, 264 N.W. 875, 877 (1936).

The statute of limitations was not a defense to foreclosure of the mortgage. The statute was not pleaded and, in any event, the period of limitation had not expired. See *J. I. Case Credit Corp. v. Thompson,* 187 Neb. 626, 193 N.W.2d 283 (1971); *Alexanderson v. Wessmann,* 158 Neb. 614, 64 N.W.2d 306 (1954).

The cross-appeal of the Federal Deposit Insurance Corporation is dismissed.

The judgment of the District Court is in part affirmed and in part reversed, and the cause is remanded with directions to enter a judgment in conformity with this opinion.

CROSS-APPEAL DISMISSED.
AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.