This case requires us to determine whether a promissory note, executed by Defendants/Appellants, to Plaintiff/Appellee, is enforceable under Code 1975, § 7-3-408. Hall, as promissee, sued Elsie and Andrew Chaffin, along with Highland Development, Inc. (Highland), a corporation owned by the Chaffins, on two promissory notes signed by the Chaffins in their personal capacity, and by Mrs. Chaffin on behalf of Highland in her capacity as secretary-treasurer of the company. The Chaffins appeal the trial court's judgment favorable to Plaintiff, contending no consideration existed to support one of the notes, and that such note did not meet the "no consideration" saving exception of § 7-3-408. Additionally, the Chaffins contend that, even if the note was valid and enforceable against them, the trial judge erred in denying credit on the notes for conveyances of property to Hall. We affirm.
Hall became involved in the Chaffins' business in 1977, periodically loaning money to the corporation for which he was given promissory notes executed by Highland. The total indebtedness represented by these notes — $61,598 — was combined into one promissory note that was executed by the corporation and signed by the Chaffins in an individual capacity on March 23, 1978. On March 23, 1979, another promissory note for $26,157 was executed and signed in like manner. The record reveals this note was for accrued interest due Hall, and for money loaned the Chaffins to complete a house. Another note was executed, again by Highland and the Chaffins individually, on April 1, 1979, for $59,137. Hall testified money had been paid on the March 23, 1978, note, and that this note was given "just to update" the debt.
Hall did not attempt to collect notes issued prior to 1979, but, after nonpayment, sued Highland and the Chaffins on the 1979 notes seeking to collect the principal, interest, and reasonable attorney's fees authorized by the notes. The trial judge entered judgment for $137,987 against Highland and the Chaffins, the amount requested in Hall's complaint.
 I. THE CONSIDERATION
Code 1975, § 7-3-408, the applicable U.C.C. provision concerning adequate consideration for commercial paper, states, in relevant part:
 "Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section 7-3-305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind."
Because it is conceded Hall does not have "the rights of a holder in due course," and that no consideration passed to the Chaffins for the April 1, 1979, note, the issue simply becomes whether the April 1, 1979, note *Page 69 
was "given in payment of or as security for an antecedent obligation of any kind."[1]
The Chaffins contend that because the antecedent debt evidenced by the April 1 note was not their debt, but rather Highland's debt, the "except" clause of § 7-3-408 does not apply; therefore, they argue, the lack of consideration constitutes an affirmative defense to the note obligation. Stated differently, the Chaffins argue that the antecedent debt, being paid or secured, must be owed by the party giving the new instrument in order for the "except" clause of §7-3-408 to eliminate the consideration requirement.
We disagree with the Chaffins' contention. The Official Comment to § 7-3-408 explicitly states:
 "2. The `except' clause is intended to remove the difficulties which have arisen where a note or a draft, or an indorsement of either, is given as payment or as security for a debt already owed by the party giving it, or by a third person. The provision is intended to change the result of decisions holding that where no extension of time or other concession is given by the creditor the new obligation fails for lack of legal consideration. It is intended also to mean that an instrument given for more or less than the amount of a liquidated obligation does not fail by reason of the common law rule that an obligation for a lesser liquidated amount cannot be consideration for the surrender of a greater."
We find this unambiguous language dispositive, and hold that the "except" clause in § 7-3-408 applies to third parties in the position of the Chaffins. See Newman Grove Creamery Co. v.Deaver, 208 Neb. 178, 302 N.W.2d 697 (1981); Musulin v.Woodtek, Inc., 260 Or. 576, 491 P.2d 1173 (1971).
The Chaffins further contend that, even if the "except" clause applies to third parties in their position, the clause remains inapplicable because the April 1 note was not "given as payment of or as security for" the antecedent debt. The trial court decided this question of fact against the Chaffins.
Under the ore tenus standard of review, which prevails in this state, the findings of the trial court, when based upon competent evidence presented ore tenus, are favored with a presumption of correctness and will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous or manifestly unjust. 2A Ala. Digest, Appeal Error § 931 (1).
The record reveals sufficient evidence from which the trial court reasonably could have concluded the note was "given in payment of or as security for" the debt. Mrs. Chaffin testified that the debt obligation represented by the April 1 note was a consolidation of previous notes issued by Highland. The evidence showed that Mr. Hall never sought to collect the numerous individual notes made prior to consolidation of these sums. Furthermore, "[p]ersons who sign negotiable instruments are charged with liability according to the terms thereof." 10 C.J.S. Bills and Notes § 32 (a) (1938).
The Chaffins' signatures, as makers, furnished additional security because of the personal assumption of primary liability for the corporate indebtedness, similar to the additional security afforded by accommodation endorsers. (For a good discussion of the liability assumed by accommodation endorsers not receiving direct benefit for assumption of liability, see Gavin v. Hinrichs, 375 So.2d 1063 (Ala. 1979);Buffalo County v. Richards, 212 Neb. 826, 326 N.W.2d 179
(1982); Pitrolo v. Community Bank Trust, N.A., 298 S.E.2d 853
(W.Va. 1982); and Peoples American Bank, 132 Ga. App. 751,209 S.E.2d 80 (1974)).
Accordingly, we find that the "except" clause in § 7-3-408
eliminated the requirement for consideration; therefore, the April *Page 70 
1 note was valid and enforceable against the Chaffins.
 II. THE PROPERTY CONVEYANCES
The Chaffins contend that their interest in an 80-acre parcel of property was conveyed to Hall in complete satisfaction of Highland's debt to Hall; Mrs. Chaffin so testified. Hall contends, however, that only the profit, if any, made from the resale of the property was to be applied in reducing Highland's debt to him; Hall so testified. The undisputed evidence shows that Hall purchased the property with money he borrowed, and that, while the Chaffins did receive an interest in the property which was subsequently deeded back to Hall, the Chaffins did not contribute any money for the purchase or for payment of interest on the funds borrowed to purchase the property. Furthermore, the evidence also shows that Hall sold the property for essentially the amount of money he had invested in it, thereby making no profit on the resale.
When we apply our ore tenus standard of review, discussed previously, to the conflicting evidence before the trial judge, we find competent evidence supportive of the trial court's findings, and we cannot say those findings were erroneous or manifestly unjust.
Because we find no error below, the judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] The Chaffins' reliance on Flintkote Company v. Grimes,281 Ala. 707, 208 So.2d 87 (1968), in support of their contention that no consideration existed, need not be addressed because this point is conceded by the Appellee.