86 P.3d 455

**Elaine AMBROSE, Plaintiff–Appellant,**

v.

**IDAHO STATE TAX COMMISSION,
Defendant–Respondent.**

No. 29304.

Supreme Court of Idaho,
Boise, January 2004 Term.

Feb. 6, 2004.

Rehearing Denied March 19, 2004.

Thornton Byron LLP, Boise, for appellant. Gregory A. Byron argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Lawrence G. Allen, Deputy Attorney General, argued.

EISMANN, Justice.

This is an appeal by a taxpayer from a judgment affirming the dismissal of her appeal to the Board of Tax Appeals on the ground that she had failed to make the 20% deposit required by Idaho Code § 63-3049(b) in order to perfect her appeal. We affirm the dismissal with respect to the appeal regarding one disputed tax and reverse it with respect to the other.

## I. FACTS AND PROCEDURAL HISTORY

On March 15, 2001, the Idaho State Tax Commission (Commission) sent Elaine Ambrose a Notice of Deficiency for the tax years 1996, 1997, and 1998. She had taken a capital gain deduction in her 1996 and 1997 tax years based upon the sale of her interest in a partnership. The notice informed her that because a partnership interest was an intangible asset, it did not qualify for the capital gains deduction. In 1996 she had also sold her interest in a ranch and received in exchange a non-interest-bearing promissory note. The notice informed her that payments in excess of the present value of the note were interest income and that she therefore had $100,000 in interest income during the 1998 tax year. As a result of these changes, and some other minor changes, the Commission claimed additional tax of $33,137 for 1996, $1,350 for 1997, and $5,997 for 1998, plus accrued interest.

On May 1, 2000, Ms. Ambrose sent the Commission a check in the sum of $42,684. Her letter of enclosure stated that the check was to pay the taxes and interest owing for 1996 and 1997 and that she was going to protest the claimed additional tax for 1998. On May 15, 2000, Ms. Ambrose's accountant sent the Commission a letter stating that the letter served as a protest and written petition for redetermination of the Commission's disallowance of the capital gains deduction taken by Ms. Ambrose on her 1996 income tax return. By letter to the accountant dated September 19, 2000, the Commission acknowledged that a proper tax protest had been filed. On October 18, 2000, a Tax Policy Specialist for the Commission sent Ms. Ambrose's counsel an e-mail asking, "Is 1998 our only contested year and interest income the only contested issue?" Ms. Ambrose's counsel responded by e-mail the same day stating that he had been retained only to address the capital gain issue and that it was his understanding that the interest income during the 1998 tax year was no longer an issue.

After a hearing on May 10, 2001, the Tax Policy Specialist sent Ms. Ambrose's counsel a letter stating that he had identified a new issue regarding Ms. Ambrose's 1996 income tax return. He had concluded that a purported like-kind exchange did not qualify under the tax code and that Ms. Ambrose owed an additional $25,518 in taxes for the 1996 tax year. By letter dated August 15, 2001, Ms. Ambrose's counsel submitted additional information regarding the like-kind exchange.

On November 5, 2001, the Commission issued its decision finding against Ms. Ambrose on both the capital gains issue and the like-kind exchange issue. It found that she owed an additional $42,393 in taxes and interest. On February 1, 2002, Ms. Ambrose filed a notice of appeal with the Idaho State Board of Tax Appeals. On April 1, 2002, the Commission filed a motion to dismiss the appeal for the failure of Ms. Ambrose to make the 20% deposit required by Idaho Code § 63-3049(b) in order to perfect her appeal. On May 15, 2002, the Board of Tax Appeals dismissed the appeal for failure to make the required deposit. Ms. Ambrose then appealed that dismissal to the district court. It affirmed the dismissal, and she then timely filed this appeal.

## II. ISSUES ON APPEAL

A. Did the Board of Tax Appeals err in dismissing the appeal?

B. Is Ms. Ambrose entitled to an award of attorney fees on appeal?

### III. ANALYSIS

### A. Did the Board of Tax Appeals Err in Dismissing the Appeal?

■ A taxpayer may appeal a redetermination by the Commission either to the Ada County district court or to the Board of Tax Appeals. *Grand Canyon Dories, Inc. v. Idaho State Tax Comm'n*, 121 Idaho 515, 826 P.2d 476 (1992); IDAHO CODE § 63–3049(a) (2000). In either event, the taxpayer must make a 20% deposit either in cash or in other security acceptable to the Commission. Idaho Code § 63–3049(b) provides:

> Before a taxpayer may seek review by the district court or the board of tax appeals, the taxpayer shall secure the payment of the tax or deficiency as assessed by depositing cash with the tax commission in an amount equal to twenty percent (20%) of the tax, penalty and interest. In lieu of the cash deposit, the taxpayer may deposit any other type of security acceptable to the tax commission.

Timely payment of the required deposit is jurisdictional. *Tarbox v. Tax Comm'n*, 107 Idaho 957, 695 P.2d 342 (1985).

■ The 20% deposit is intended as security for the payment of the tax if the taxpayer loses the appeal and to discourage frivolous appeals. *Id.* The deposit applies to the tax, penalty, and interest that are found owing by the Commission as a result of the redetermination and that are challenged by the taxpayer. Ms. Ambrose contends that the $42,684 payment that she made on May 1, 2000, should be considered as being the 20% deposit required by Idaho Code § 63–3049(b).

■ In her letter dated May 1, 2000, Ms. Ambrose directed the Commission to apply the $42,684 "to pay for the taxes and interest that the IRS [sic] is claiming for 1996 and 1997." When that payment was made, the taxes and interest that the Commission was claiming for 1996 and 1997 were based upon its disallowance of the capital gains deduction for the sale of her interest in a partnership. Idaho Code § 63–4007 required the Commis-

sion to apply the payment to that obligation. That statute provides, insofar as is relevant, as follows: "If any taxpayer owes multiple tax obligations and makes any single payment to any revenue officer with respect to such obligations, such revenue officer may not apply such payment to any obligation which is disputed by the taxpayer and, where applicable, shall apply such payment in accordance with the taxpayer's directions." Ms. Ambrose later decided to challenge the Commission's determination that such sale did not qualify for a capital gains deduction. With respect to that tax obligation, she had paid it in full and there was no deficiency assessed. IDAHO CODE § 63–3044(1) (2000). Therefore, Idaho Code § 63–3049(b) did not apply. Where she had paid the tax and interest in full, she was not required to deposit an additional 20% of that amount in order to appeal the decision of the Commission with respect to that issue.

■ Ms. Ambrose argues that a portion of the $42,684 payment should also be applied to the 20% deposit required to challenge the redetermination that she owed an additional $25,518 in taxes, plus interest, for 1996 because of the Commission's disallowance of the like-kind exchange. Neither in her letter of May 1, 2000, nor at any later time did Ms. Ambrose direct that any portion of the $42,684 payment could be applied to the deposit required to appeal that issue. Idaho Code § 63–4007 required the Commission to apply the payment as she directed. It could not apply a portion of that payment to some other tax obligation, nor could it apply it to the 20% deposit required to appeal the redetermination regarding the like-kind exchange.

■ Ms. Ambrose next contends that because the redetermination regarding the like-kind exchange was void, she should not be required to make the 20% deposit to appeal that issue. She argues that because the Commission did not provide her with a proper notice of deficiency with respect to this tax obligation, it could not assess a deficiency, IDAHO CODE § 63–3045(1)(c) (2000), and it could therefore not commence any activities

to enforce collection, IDAHO CODE § 63–3044(2) (2000).

As mentioned above, the 20% deposit is jurisdictional. The Board of Tax Appeals could not acquire jurisdiction over an appeal of the disputed tax and interest regarding the like-kind exchange unless Ms. Ambrose made the required deposit. *Tarbox v. Tax Comm'n*, 107 Idaho 957, 695 P.2d 342 (1985). The argument that the redetermination was void as to that issue will not remedy the jurisdictional defect. *First Sec. Bank of Idaho, N.A. v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977) (a void judgment does not affect the necessity of making a timely appeal). We need not decide whether or not the redetermination was void with respect to the tax and interest owing regarding the like-kind exchange because even if it was, the Board of Tax Appeals did not have jurisdiction to hear the appeal due to Ms. Ambrose's failure to make the 20% deposit required by Idaho Code § 63–3049(b).

## B. Is Ms. Ambrose Entitled to an Award of Attorney Fees on Appeal?

 Ms. Ambrose requests attorney fees on appeal pursuant to Idaho Code § 63–3049(d), which provides:

> (d) Whenever it appears to the court that:
>
> (1) Proceedings before it have been instituted or maintained by a party primarily for delay; or
>
> (2) A party's position in such proceeding is frivolous or groundless; or
>
> (3) A party unreasonably failed to pursue available administrative remedies;
>
> the court, in its discretion, may require the party which did not prevail to pay to the prevailing party costs, expenses and attorney's fees.

Because both parties prevailed in part in this appeal, we do not award either costs or attorney fees on appeal.

## IV. CONCLUSION

We affirm the judgment of the district court affirming the Board of Tax Appeals' dismissal of that portion of the appeal seeking to challenge the Commission's redetermi-

nation regarding the tax and interest owing with respect to the like-kind exchange, and we reverse the judgment regarding the dismissal of that portion of the appeal seeking to challenge the Commission's disallowance of the capital gains deduction. We do not award either costs or attorney fees on appeal.

Chief Justice TROUT, and Justices SCHROEDER, KIDWELL and BURDICK concur.