## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 32582

|  |  |  |
|---|---|---|
| SIRIUS LC, a Wyoming Limited Liability Company,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>BRYCE H. ERICKSON, and ANY PERSON CLAIMING UNDER BY OR THROUGH BRYCE H. ERICKSON IN AND TO THE REAL PROPERTY DESCRIBED AS FOLLOWS: CARIBOU COUNTY, IDAHO: TOWNSHIP 5 SOUTH, RANGE 46 E.B.M., SECTION 27: LOTS 1 AND 2, N 1/2 NW 1/4, EXCEPT THEREFROM THE S 1/2 NE 1/4 NW 1/4 NW 1/4,<br><br>    Defendants-Appellants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Boise, March 2007 Term<br><br>2007 Opinion No. 49<br><br>Filed: March 28, 2007<br><br>Stephen W. Kenyon, Clerk |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, for the County of Caribou.  Hon. Don L. Harding, District Judge.

The order granting summary judgment is <u>affirmed</u> in part and <u>vacated</u> in part and the case is <u>remanded.</u>

McGrath, Meacham & Smith, PLLC, Idaho Falls, for appellant.  B.J. Driscoll argued.

A. Bruce Larson, Pocatello, for respondent.

———————————

JONES, Justice

This case concerns the enforceability of a promissory note.  Respondent, Sirius LC, sued to recover upon a promissory note signed by Appellant, Bryce Erickson, and to foreclose on a real estate mortgage securing the note.  Erickson asserted thirteen affirmative defenses and subsequently moved for summary judgment on the ground that the note was unenforceable due to lack of consideration.  The district court denied

Erickson's motion and granted summary judgment in favor of Sirius, dismissing all of Erickson's affirmative defenses after finding that the note was supported by consideration. We affirm in part and vacate in part.

## I.

Sirius is a Wyoming limited liability company co-owned by William Bagley and his wife. Bagley is an attorney whose services Erickson procured for two bankruptcy proceedings. Erickson first retained Bagley in 1998 to represent him in a Chapter 11 bankruptcy proceeding in Wyoming. In 1999, after the bankruptcy court had dismissed his Chapter 11 proceeding, Erickson again approached Bagley and requested his representation in a Chapter 12 proceeding. Bagley agreed to represent Erickson provided that Erickson sign a promissory note payable to Sirius in the amount of $29,173.38, to be secured by a mortgage on real property owned by Erickson in Caribou County, Idaho. Bagley asserts that the amount of the promissory note represented the overdue legal fees Erickson owed him for the Chapter 11 proceeding. On November 13, 1999, Erickson executed a promissory note payable to Sirius, which provided "[f]or value received, the undersigned Bryce H. Erickson promises to pay to SIRIUS LC . . . the sum of Twenty Nine Thousand One Hundred Seventy Three Dollars and Thirty Eight Cents ($29,173.38) bearing 10% interest due and payable on June 1, 2001." Erickson executed a real estate mortgage securing the promissory note that same day. Thereafter, at the behest of Erickson, Bagley filed a Chapter 12 proceeding in Wyoming.

This case commenced when Sirius filed a complaint to foreclose on Erickson's Caribou County property after he refused to pay the note once it became due. Erickson denied Sirius' right to relief, asserting thirteen affirmative defenses in his amended answer. Erickson moved for summary judgment on the ground that the promissory note was unenforceable due to lack of consideration flowing from Sirius. Erickson also moved to compel production of certain documents pertaining to his affirmative defenses, which he alleged Sirius refused to produce. Following a hearing on Erickson's motion for summary judgment, the district court, instead of ruling in Erickson's favor, granted summary judgment to Sirius and denied Erickson's motion to compel. The district court held there was no genuine issue of material fact as to whether the note was supported by

2

consideration because it existed under both Article 3 of the Uniform Commercial Code and common law contract principles. Erickson appeals.

## II.

We will address four issues in this opinion: (1) whether the district court erred in granting summary judgment to Sirius with respect to Erickson's lack of consideration defense; (2) whether the district court erred in granting summary judgment with respect to Erickson's remaining affirmative defenses; (3) whether the district court erred in denying Erickson's motion to compel; and (4) whether either party is entitled to an award of attorney fees or costs.

## A.

This Court applies the same standard as the district court when reviewing a summary judgment order. *Schneider v. Howe*, 142 Idaho 767, 770, 133 P.3d 1232, 1235 (2006). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho R. Civ. P. 56(c). Upon a party's request for summary judgment, a district court has the authority to render summary judgment in favor of any party, moving or non-moving, even if the non-moving party has not filed its own motion. *Harwood v. Talbert*, 136 Idaho 672, 677, 39 P.3d 612, 617 (2001). This Court will construe all disputed facts liberally in favor of the party against whom summary judgment was entered, and will grant that party the benefits of all reasonable inferences from the record. *Id*. at 677–78, 39 P.3d at 617–18. If the facts are such that reasonable persons could reach differing results, summary judgment is improper. *Hayward v. Jack's Pharmacy Inc.*, 141 Idaho 622, 625, 115 P.3d 713, 716 (2005).

## B.

As a preliminary matter, we must decide whether the promissory note in question is a negotiable instrument governed by Article 3 of the Uniform Commercial Code or a non-negotiable promissory note governed by common law contract principles. The district court held that the promissory note "clearly f[ell] within the definition of a negotiable instrument," and found that consideration for the note existed under Article 3. However, it additionally held that, even if the promissory note were not governed by

3

Article 3, consideration for the note existed under common law contract principles. Because the promissory note in question here is not a negotiable instrument, common law contract principles govern the resolution of this issue.

**i.**

The district court's classification of the promissory note as a negotiable instrument and its application of Article 3 were improper. For a writing to constitute a negotiable instrument under Article 3 it must satisfy the requirements set forth in Idaho Code § 28-3-104. One of the prerequisites is that the promise or order must be "payable to bearer or to order at the time it is issued or first comes into possession of a holder." I.C. § 28-3-104(1)(a).[1] A promise or order is payable to bearer if it:

> (a) States that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment;
> (b) Does not state a payee; or
> (c) States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

I.C. § 28-3-109(1)(a)-(c). A promise or order is payable to order "if it is payable (i) to the order of an identified person, or (ii) to an identified person or order." I.C. § 28-3-109(2).

The promissory note under consideration here lacks the requisite words of negotiability to be a negotiable instrument. It provides in relevant part "[f]or value

---

[1] Comment 2 to Idaho Code § 28-3-104 sets out the rationale for requiring a written instrument to contain certain words of negotiability – "to bearer" or "to order" – in order to qualify as a negotiable instrument:

> Total exclusion from Article 3 of . . . promises or orders that are not payable to bearer or to order serves a useful purpose. It provides a simple device to clearly exclude a writing that does not fit the pattern of typical negotiable instruments and which is not intended to be a negotiable instrument. If a writing could be an instrument despite the absence of "to order" or "to bearer" language and a dispute arises with respect to the writing, it might be argued that the writing is a negotiable instrument because the other requirements of subsection (a) are somehow met. Even if the argument is eventually found to be without merit it can be used as a litigation ploy. Words making a promise or order payable to bearer or to order are the most distinguishing feature of a negotiable instrument and such words are frequently referred to as "words of negotiability." Article 3 is not meant to apply to contracts for the sale of goods or services or the sale or lease of real property or similar writings that may contain a promise to pay money. The use of words of negotiability in such contracts would be an aberration. Absence of the words precludes any argument that such contracts might be negotiable instruments.

4

received, the undersigned Bryce H. Erickson promises to pay to SIRIUS LC. . . ." The note is not payable to bearer because it specifically identifies the person to whom payment is to be made, "SIRIUS LC," and even though the note is payable to an identified person, it is not payable to order because it lacks the words of negotiability "to order" required under Idaho Code § 28-3-109(2). Notes payable simply to a specific payee, and not "to the order of the payee" or "to the payee or order," are non-negotiable. *See, e.g., Universal Premium Acceptance Corp. v. York Bank & Trust Co.*, 69 F.3d 695, 700 (3d Cir. 1995) (draft with language "PAY AND DEPOSIT ONLY TO THE CREDIT OF: Great American Insurance Company" was non-negotiable because it lacked the words "to the order of"); *Krajcir v. Egidi*, 712 N.E.2d 917, 922 (Ill. App. Ct. 1999) (note with language "payable to sellers," although payable to specific individuals, was non-negotiable because it did not contain the words "to order" or "to bearer"). The promissory note here is not "payable to bearer or to order" and thus is non-negotiable; consequently, the promissory note is governed by contract law.

**ii.**

As an alternative to its finding of consideration pursuant to Article 3, the district court found that the note was enforceable under common law contract principles. Specifically, the district court held that Sirius could enforce the note as a third party beneficiary to the note. Although ultimately correct in concluding that lack of consideration is not a defense in this instance, the district court arrived at that result through an improper application of contract law. The district court's characterization of Sirius as a third party beneficiary to the promissory note was erroneous.

Sirius, as the named promisee of the note it is attempting to enforce, is not a third party beneficiary to the note. Idaho has recognized that "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." I.C. § 29-102. However, to obtain third party beneficiary status, a plaintiff must be a stranger to the contract he is attempting to enforce. Corbin, Corbin on Contracts vol. 9, § 779, 27–28 (1979) (providing: "It is possible . . . that a party may be the promisee and the one who will be benefited by performance and yet not the one who gave the consideration. Such a promisee is not a 'third party' beneficiary"). Such is not the case here. Erickson, the promisor, directed his promise to pay to Sirius, making

5

Sirius the named promisee of the note. As such, Sirius does not have an enforceable right against Erickson as a third party beneficiary but, rather, has an enforceable right as the promisee of the note so long as the note is otherwise enforceable. Thus, the district court's holding that Sirius may enforce the note as a third party beneficiary was made in error.

**iii.**

Sirius can enforce the note as the promisee because Bagley provided consideration for the note. Erickson claims that Sirius is not entitled to recover on the note due to lack of consideration. In particular, he argues that for a promissory note to be enforceable, consideration must flow from the promisee of the note, not from a third party. Under contract principles, a promissory note must be supported by consideration to be enforceable. *See Isaak v. Idaho First Nat'l Bank*, 119 Idaho 907, 909, 811 P.2d 832, 834 (1991) (finding consideration for a promissory note). The issue then is whether a promissory note is only enforceable if consideration for the note is provided by the promisee, or whether a note may be enforceable where consideration for the note is otherwise provided by a third person.

That a third person can provide the consideration for a promissory note has widely been accepted. *See e.g., Fisher v. Lehrer*, 175 A.2d 707, 709 (Conn. 1961) (holding "[a] promissory note made to a payee in return for a consideration received by the maker from a third person is binding on the maker"); *Test v. Heaberlin*, 118 N.W.2d 73, 74 (Iowa 1962) (it is not necessary that consideration for a note move from promisee to defendant); *Houdashelt v. Lutes*, 938 P.2d 665, 672–73 (Mont. 1997) (any benefit conferred upon the promisor by any other person as an inducement to the promisor is good consideration); *Buffalo County v. Richards*, 326 N.W.2d 179, 181 (Neb. 1982) (consideration for note need not flow from the obligee or promisee). In this case, Erickson requested Bagley's representation in a Chapter 12 proceeding. Bagley agreed to represent Erickson if he would sign a promissory note payable to Sirius, secured by a real estate mortgage. Erickson requested Bagley's representation for his own benefit and signed the promissory note at issue in anticipation of receiving such benefit. The record establishes that Bagley agreed to, and did, represent Erickson in his Chapter 12 bankruptcy proceeding, so Erickson received the benefit for which he bargained.

6

Certainly, a party cannot execute a promissory note, let it default, and then escape the consequences of his promise by defending on the ground of lack of consideration after he has received the benefit of his bargain. *See Daniels v. Englehart*, 18 Idaho 548, 551, 111 P. 3-4 (1910) (the maker of a note cannot receive consideration, and at the same time successfully resist the payment of the obligation). Thus, the promissory note does not lack consideration because Bagley gave consideration for the note when he agreed to represent Erickson in exchange for the note.[2]

## C.

Erickson asserts that the district court improperly granted summary judgment with respect to his remaining twelve affirmative defenses because neither party raised those defenses at summary judgment. When the district court granted summary judgment for Sirius on the issue of consideration, it also *sua sponte* granted summary judgment with respect to Erickson's remaining defenses. Erickson challenged the district court's dismissal of his remaining affirmative defenses in his motion for reconsideration and the district court responded by stating that Erickson had failed to submit any evidence – affidavit, testimony, or otherwise – that would raise disputed issues of material fact with respect to his remaining defenses.

Erickson was not required to come forth with evidence creating a genuine issue of material fact with regard to his remaining affirmative defenses at the summary judgment stage because neither party put those defenses at issue. While a court may grant summary judgment in favor of either a moving or non-moving party upon a motion for summary judgment, its authority is limited to the issues placed before it pursuant to the movant's motion. *Harwood*, 136 Idaho at 677, 39 P.3d at 617. The record indicates that the only ground asserted by Erickson in his motion for summary judgment was the defense of lack of consideration. Sirius did not file its own motion for summary judgment and thus did not raise any additional issues. Accordingly, when the district court determined that summary judgment was proper with respect to Erickson's remaining affirmative defenses, it improperly "seized upon" on matters not before it pursuant to the movant's motion. *See Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho

---

[2] In one of his affirmative defenses, Erickson alleges that there was "inadequate and insufficient consideration" to support the agreements. While we hold that Erickson received consideration for the note,

527, 531, 887 P.2d 1034, 1038 (1994) (holding that district court improperly seized upon the issue of proximate cause on summary judgment in negligence action where no argument was offered regarding this element by the moving party). We vacate the district court's dismissal of Erickson's remaining affirmative defenses because they were not at issue in the summary judgment proceedings.

**D.**

Erickson contends that the district court erred in denying his motion to compel production of documents pertaining to his affirmative defenses. A trial court's decision to grant or deny a motion to compel will not be disturbed by this Court unless there has been a clear abuse of discretion. *Kirk v. Ford Motor Co.*, 141 Idaho 697, 700-01, 116 P.3d 27, 30-1 (2005). Abuse of discretion review requires a three-part inquiry: "(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by exercise of reason." *Schwan's Sales Enterprises, Inc. v. Idaho Transp. Dept.*, 142 Idaho 826, 831, 136 P.3d 297, 302 (2006).

In its memorandum decision, the district court dedicated a single sentence to the dismissal of Erickson's motion to compel, holding that "due to the above reasoning and order, the Defendant's Motion to Compel is moot, and therefore denied." In effect, the sole reason justifying the denial of Erickson's motion to compel was that the court had already dismissed all of Erickson's affirmative defenses on summary judgment. Because the district court's grant of summary judgment with respect to Erickson's remaining defenses was erroneous, its decision to deny Erickson's motion to compel upon that ground is also in error.

**E.**

Both parties request attorney fees on appeal pursuant to Idaho Code § 12-120(3), which compels an award of attorney fees to the prevailing party in any civil action to recover on a promissory note or negotiable instrument unless otherwise provided by law. Because we are remanding the case for determination of Erickson's remaining affirmative defenses, we decline to determine a prevailing party for purposes of a fee

we do not opine as to the adequacy of the consideration.

8

award.   Following a determination of the prevailing party upon conclusion of the litigation below, the district judge shall include in the cost and attorney fee awards such amounts as he finds appropriate for the appeal pursuant to I.A.R. 40 and 41.

Sirius additionally requests attorney fees pursuant to the promissory note itself and pursuant to Idaho Code § 12-121.   The promissory note contains a provision regarding attorney fees which provides that in the event of default "the undersigned agrees to pay all expenses of collection including a reasonable attorneys' fee."   Since the ultimate issue – whether Sirius is entitled to collect on the note – is left unresolved at this stage, Sirius' request for attorney fees under the promissory note is denied.   Sirius' request for attorney fees pursuant to Idaho Code § 12-121 is also denied because there is no ground for finding that either party acted frivolously or unreasonably in this matter. *McGrew v. McGrew*, 139 Idaho 551, 562, 82 P.3d 833, 844 (2003).

Both parties submit that they are entitled to an award of costs.   Because both parties prevailed in part on appeal, we will not award costs.   *Ambrose v. Idaho State Tax Comm'n*, 139 Idaho 741, 744, 86 P.3d 455, 458 (2004).

### III.

We affirm the district court's grant of summary judgment with respect to the issue of lack of consideration, albeit on different grounds.   We vacate the district court's grant of summary judgment with respect to Erickson's remaining affirmative defenses and the denial of his motion to compel.   The case is remanded for further proceedings on those issues.   Neither party is entitled to an award of attorney fees or costs on appeal.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK CONCUR.

9